271 So.2d 793 (1973)
Clarence Joseph CARNIVALE, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-443.
District Court of Appeal of Florida, Third District.
January 10, 1973.
Rehearing Denied February 5, 1973.
*794 Phillip A. Hubbart, Public Defender, Walter S. Holland, Sp. Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
The appellant seeks review of his conviction and sentence. The record reveals the following: An information was filed against the defendant [Carnivale] and a co-defendant [Leonard L. DeLong]. They were charged with unlawfully and feloniously breaking and entering with intent to commit grand larceny, in violation of § 810.01, Fla. Stat., F.S.A., and with unlawfully and feloniously stealing personal property from a dwelling with a value in excess of $100.00, in violation of § 811.021, Fla. Stat., F.S.A. The case came on for trial before the Honorable Murray Goodman.
DeLong had apparently turned State's evidence the morning of the trial, but trial counsel for the appellant was not informed. The first witness called by the State was Leonard L. DeLong, formerly a co-defendant in this cause. Defense counsel objected to the testimony of Mr. DeLong upon the basis that he had not been listed as a witness in the Statement of Particulars and Discovery, and the defense had no prior opportunity to depose him. Defense counsel was unaware that DeLong had turned State's evidence and was going to testify as a witness for the State. The court overruled the defendant's objections upon the ground that Mr. DeLong was listed on all of the pleadings as a co-defendant and that the defendant [Carnivale] was not unaware that Mr. DeLong might testify. However, the court's ruling completely overlooked the fact that the defendant [Carnivale] was not entitled to depose him until after DeLong had turned State's evidence and entered a plea of guilty. DeLong's constitutional protection against self-incrimination would have been violated had defendant's attorneys been allowed to depose DeLong prior to his turning State's evidence.
The State Attorney's office was under a duty to inform Carnivale's counsel of the fact that DeLong had turned State's evidence. DeLong had entered a plea of guilty the morning of the trial. At no time after that and up to the time that Carnivale's trial began at 2:00 in the afternoon was the public defender informed of DeLong's new status as a potential witness. The court's refusal to exclude DeLong's testimony or, in the alternative, its failure to suggest either a recess or a continuance to allow Carnivale's counsel to depose or converse with DeLong regarding his testimony, constitutes reversible error.
*795 Florida Rule of Criminal Procedure 3.220, 33 F.S.A., provides for discovery in criminal cases. The defendant invoked Rule 3.220 in this cause and the State complied with said section by filing a Statement of Particulars and Discovery. The purpose behind this particular section of the Rules of Criminal Procedure is to enable a defendant to eliminate the likelihood of surprise at trial and to further enable him to plan his defense, since it would afford him necessary time to interview prospective witnesses. Ramirez v. State, Fla.App. 1970, 241 So.2d 744. Once a defendant chooses to use this exchange of witness provision it becomes mandatory that the prosecuting attorney comply with the rule. Cacciatore v. State, Fla.App. 1969, 226 So.2d 137.
In a recent decision, Richardson v. State, Fla. 1971, 246 So.2d 771, the Florida Supreme Court was faced with circumstances very similar to the facts of the case at bar. In this latter decision, the court noted that it is incumbent upon the trial judge to determine whether the State's non-compliance with Rule 3.220 has resulted in harm or prejudice to the defendant. If no such harm or prejudice results, then there is no reversible error. Howard v. State, Fla.App. 1970, 239 So.2d 83; Buttler v. State, Fla.App. 1970, 238 So.2d 313; Wilson v. State, Fla.App. 1969, 220 So.2d 426. However, the court stated in Richardson v. State, supra, that the trial judge must adequately inquire into all the surrounding circumstances in order to determine if prejudice or harm would result to the defendant by the non-compliance by the State with Rule 3.220. The court approved the following language from Ramirez v. State, supra:
* * * * * *
"The point is that if, during the course of the proceedings, it is brought to the attention of the trial court that the state has failed to comply with Rule 1.220(e) CrPR, the court's discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. Without intending to limit the nature or scope of such inquiry, we think it would undoubtedly cover at least such questions as whether the state's violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of defendant to properly prepare for trial. [court's emphasis]
"Once the court has considered all of the circumstances, it has authority to enter such order as it deems just. Rule 1.220(g) CrPR. However, in those cases where the court determines that the state's noncompliance with the rule has not prejudiced the ability of the defendant to properly prepare for trial, we deem it essential that the circumstances establishing nonprejudice to the defendant affirmatively appear in the record." [emphasis added]
The record herein is totally devoid of any such a determination by the trial judge. Indeed, the only reason given by the trial judge for his allowance of the testimony of DeLong is given at page 42 of the record:
* * * * * *
"A co-defendant need not be listed on the list of witnesses."
* * * * * *
The court made no inquiry of the State as to whether its omission was inadvertent or willful. There is nothing in the record to reflect whether the court thought the violation was trivial or substantial or what effect it might have upon the ability of the defendant to properly prepare for trial. The Supreme Court of Florida, in Richardson v. State, supra, deemed it essential that the circumstances establishing non-prejudice to the defendant affirmatively appear in the record. No such circumstances appear in this record.
*796 In the case sub judice, the State gave no explanation as to why they failed to inform the defendant [Carnivale] that DeLong had pleaded guilty and had turned State's evidence and would testify as a State witness. In fact, the information was kept secret from defense counsel until Mr. DeLong was called as a witness in the afternoon session. Had the State informed the defense counsel during the morning session, a statement or a deposition could have been taken of DeLong. After the afternoon session had begun, the court itself might have avoided reversible error by recessing the trial and allowing defense counsel to depose DeLong or take a statement from him.
One of the defendant's complaints to DeLong's testimony was that defense counsel had not had an opportunity to depose DeLong. The fact that the defendant herein had deposed all other witnesses lends credence to defendant's argument that DeLong would have been deposed had the defendant known he was available as a witness. Under the rationale contained in Richardson v. State, supra, it is not a function of the appellate court to determine whether prejudice had resulted to defendant in this cause by the State's failure to list DeLong as a witness. It was incumbent upon the trial judge to determine if any prejudice had resulted by such failure. The trial judge having failed to make proper inquiry, this cause must be reversed. Garcia v. State, Fla.App. 1972, 268 So.2d 575.
The other points raised by the appellant have been examined and found to be without merit, although it is noted that upon a retrial of this matter, the State should probably offer a better quantum of proof as to the value of the goods taken.
Therefore, for the reasons stated, the judgment of conviction and the sentence be and they are hereby reversed and vacated, and the appellant be and he is remanded to the trial court for a new trial.
Reversed and remanded, with directions.