GRIMES, Judge.
At the trial which resulted in a conviction of grand larceny, the following colloquy occurred when the state called a witness to testify to the value of the items allegedly stolen.
“MR. HAWORTH: State of Florida will call Mr. Kuban, who has not been sworn.
MR. STEWART: At this time, your honor, I’d like to put an objection into the record.
THE COURT: You may.
MR. STEWART: I’d like to object to the testimony of this witness because the witness was not listed on the list of witnesses provided by the state in answer to the defendant’s demand for discovery.
THE COURT: I understand this witness is an expert witness on value only; is that correct, gentlemen?
MR. HAWORTH: That is correct, your honor.
THE COURT: Objection overruled.”
Where the state had failed to comply with the rule which required the furnishing of the names of witnesses, the Supreme Court in Richardson v. State, Fla.1971, 246 So.2d 771, said:
“ . . . The trial court has discretion to determine whether the non-compliance would result in harm or prejudice to the defendant, but the court’s discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. We think that the District Court of Appeal for the Fourth District has succinctly stated the burden that the Rule places both upon the prosecuting attorney and upon the trial court in the following quoted extract from its opinion in Ramirez *233 v. State, [Fla.App., 241 So.2d 744] supra:
‘The point is that if, during the course of the proceedings, it is brought to the attention of the trial court that the state has failed to comply with Rule 1.220(e) CrPR, the court’s discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. Without intending to limit the nature or scope of such inquiry, we think it would undoubtedly cover at least such questions as whether the state’s violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial.’ ”
The trial court’s inquiry prescribed in Richardson was not conducted. In a similar situation, our sister court in Carnivale v. State, Fla.App.3d, 1973, 271 So.2d 793, held:
“ . . . Under the rationale contained in Richardson v. State, supra, it is not a function of the appellate court to determine whether prejudice had resulted to defendant in this cause by the State’s failure to list DeLong as a witness. It was incumbent upon the trial judge to determine if any prejudice had resulted by such failure. The trial judge having failed to make proper inquiry, this cause must be reversed. . . .”
Without the testimony of Mr. Kuban, the evidence concerning value was insufficient to convict for grand larceny. Having made the objection, it was not incumbent upon appellant’s counsel also to move for a continuance in order to permit him time to depose Mr. Kuban or to obtain an expert of his own. The fact that he did a good job in cross-examining Mr. Kuban does not render harmless the court’s failure to follow the prophylactic rule dictated in Richardson.
The judgment and sentence are reversed, and the case is remanded for a new trial.
HOBSON, J., concurs.
McNULTY, C. J., dissents with opinion.