336 So.2d 435 (1976)
Jerry Lee FRAZIER, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. AA-286.
District Court of Appeal of Florida, First District.
August 20, 1976.
*436 Richard W. Ervin, III, Public Defender and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard L. Wilson, Asst. Atty. Gen., for appellee.
MILLS, Judge.
A jury found Frazier guilty of breaking and entering a building with intent to commit a felony and grand larceny. During the trial, the State called a rebuttal witness whose name it had failed to list in response to Frazier's discovery demand. Frazier timely objected. The trial court summarily overruled the objection without making inquiry into the circumstances. The issues before us are whether this was error, and, if so, whether this case must be reversed or should be remanded for inquiry into the circumstances for the purpose of determining if Frazier was prejudiced.
Violation of a rule of procedure does not require reversal of a conviction unless the record discloses that non-compliance with the rule resulted in prejudice to the defendant. The trial court has discretion to determine whether the non-compliance would result in prejudice. But, the court's discretion can be exercised only after the court has made adequate inquiry into the circumstances, and the circumstances establishing non-prejudice to the defendant appear affirmatively in the record. Richardson v. State, 246 So.2d 771 (Fla. 1971). This the trial court failed to do, thus, committed error.
Although the trial court committed error, it is unnecessary that we vacate the judgment and sentence at this time. We temporarily remand this case to the trial court with directions that it hold a hearing for the purposes of inquiring into the circumstances surrounding the State's failure to furnish the name of the rebuttal witness in response to Frazier's discovery demand, and whether the non-compliance with this rule of procedure resulted in prejudice to Frazier. Fowler v. State, 255 So.2d 513 (Fla. 1971); State v. Lyles, 316 So.2d 277 (Fla. 1975); McDonnell v. State, 336 So.2d 553 (Fla., Opinion filed March 17, 1976).
After the hearing, if the court determines that Frazier was not prejudiced, it is ordered to transmit to this Court the record of the hearing and a copy of its order finding no prejudice. At that time we will reconsider this appeal. If, however, the trial court determines that Frazier was prejudiced, it should vacate the judgment and sentence and grant a new trial to Frazier.
Remanded to the trial court with directions.
BOYER, C.J., and McCORD, J., concur.