341 So.2d 270 (1977)
James David HARDISON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 76-89, 76-355.
District Court of Appeal of Florida, Second District.
January 5, 1977.
Rehearing Denied January 27, 1977.
Jack O. Johnson, Public Defender, Bartow and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant Hardison was found guilty by a jury of possession of a barbiturate and possession of narcotics paraphernalia. The state called a rebuttal witness whose name it had failed to list in response to appellant's demand for discovery. Appellant made a timely objection. The court overruled the objection without making an inquiry into the circumstances. The witness then gave testimony which completely refuted a material aspect of appellant's defense.
The trial court has the discretion to determine whether failure to comply with Fla.R.Crim.P. 3.220 would result in harm or prejudice to the defendant. However, the trial court may exercise its discretion only after it has made an adequate inquiry into the circumstances surrounding the noncompliance. Smith v. State, 319 So.2d 14 (Fla. 1975); Richardson v. State, 246 So.2d 771 (Fla. 1971). The trial court failed to make such an inquiry. Contrary to the state's assertion, rebuttal witnesses are not exempt from the operation of the discovery rules. Frazier v. State, 336 So.2d 435 (Fla. 1st DCA 1976).
Since it is the trial court's duty to determine whether the state's noncompliance prejudiced the defendant and it failed to do so, the cause must be reversed.
Accordingly, the judgment is reversed and the cause is remanded for a new trial.
BOARDMAN, C.J., and HOBSON and McNULTY, JJ., concur.