LETTS, Judge.
The convicted appellant appeals because of the State’s failure to furnish him with the name of a rebuttal witness upon the appellant’s demand for discovery.
We reverse.
In this case the appellant took the stand in his own defense and testified that a fellow passenger in his car had thrown certain incriminating evidence in the form of bankbooks out of the window of the moving vehicle. Thereafter a rebuttal witness was put on the stand who testified that the incriminating bankbooks were found neatly concealed behind a house and not adjacent to any road. This rebuttal testimony, which obviously demonstrated the unlikelihood of material thrown from a moving vehicle being discovered hidden in a neat pile, was objected to on the basis that the name of this witness had not been provided to the defendant. During argument on this objection, the following colloquy ensued between the court and the prosecutor:
THE COURT: I don’t see it in here, Mr. Midelis.
MR. MIDELIS: Your Honor, I believe that our office should have filed an amended answer to discovery.
THE COURT: Well, maybe they should have.
MR. MIDELIS: Well, all right, sir. It should have been filed in the courthouse. The State’s position, Your Honor, in the alternative is that the rebuttal witness does not have to be listed to the particular defense. That the defendant has testified—
THE COURT: I think you are correct in—
*81 MR. MIDELIS: Pardon?
THE COURT: You are correct in that respect.
MR. MIDELIS: All right, sir. And we would rely upon that ruling.
THE COURT: All right.
From the above mentioned colloquy it would appear that neither the court, nor the defendant, was furnished the amended answer to the original demand for discovery which, other reference to the record reveals, was filed in the clerk’s office on the afternoon before trial. No reason was given, or enquired into, why Walker’s name was not given in answer to the original discovery demand. Accordingly, we must reverse upon the authority of Hardison v. State, 341 So.2d 270 (Fla. 2 DCA 1977), wherein the court stated:
The trial court has the discretion to determine whether failure to comply with Fla.R.Crim.P. 3.220 would result in harm or prejudice to the defendant. However, the trial court may exercise its discretion only after it has made an adequate inquiry into the circumstances surrounding the noncompliance. Smith v. State, 319 So.2d 14 (Fla.1975); Richardson v. State, 246 So.2d 771 (Fla.1971). The trial court failed to make such an inquiry. Contrary to the state’s assertion, rebuttal witnesses are not exempt from the operation of the discovery rules. Frazier v. State, 336 So.2d 435 (Fla. 1 DCA 1976). (Emphasis supplied).
See also Flynn and Story v. State, 351 So.2d 377 (Fla. 4 DCA 1977), Opinion filed November 1, 1977.
We also recognize, and agree with, the recent ruling of the Third District that failure to supply the names of rebuttal witnesses will not constitute reversible error if after enquiry is made no prejudice is shown. Holman v. State, 347 So.2d 832 (Fla. 3 DCA 1977). At first blush Holman would lend support to affirmance in the case now before us, because the defense was well aware of the identity of the rebuttal witness, a policeman led to the neatly stacked bankbooks by the appellant himself. The problem remains that the facts showing lack of prejudice in this case were gleaned from the record by this court and not brought forth by way of explanation before the trial judge. By contrast in Holman, the circumstances were enquired into and “noted” by the trial court. This being so, the necessary adequate enquiry under Hardison, supra, and Flynn, supra, was not complied with in this case. Indeed, as the above quoted colloquy establishes, it would appear that the trial judge was persuaded simply that Fla. R.Crim.P. 3.220 is not applicable to rebuttal witnesses. This was error.
In summation, and for future guidance, we will require that the circumstances of failure to supply the names of rebuttal witnesses always be enquired into before such testimony is admitted. The results of such enquiry may reveal no prejudice so that no sanctions need be imposed or may reveal some other cogent reason why the State was hitherto unable to supply the name.
REVERSED.
ANSTEAD, J., concurs.
CROSS, J., dissents without opinion.