OTT, Judge.
Appellant was convicted of second-degree murder and sentenced to 30 years. We affirm for the reasons hereafter stated.
Appellant pled not guilty and raised an insanity defense. Appellant’s attorney requested an instruction in order to “give the jury the idea this man [the appellant] may not necessarily go completely free if he is found not guilty by reason of insanity.” Appellant’s attorney — in requesting the instruction-stated that “the jury may be laboring under [a] presumption that is not entirely correct . . . .”
The trial judge denied appellant’s requested jury instruction and stated that he would not give any instructions “other than those that are covered by the standard instructions that I have previously indicated that I would give.” None of those contained anything on the consequences of a verdict of not guilty by reason of insanity.
*1278 In giving the instructions to the jury, the trial judge gave the usual insanity instructions [See Florida Standard Jury Instructions in Criminal Cases 20-22].
Later in the instructions, the trial judge stated that one of the' forms of possible verdicts was “not guilty by reason of insanity.”
Although the trial judge had denied appellant’s request he inexplicably read the requested instruction on the consequences of a verdict of not guilty by reason of insanity as follows:
I would further charge you that when a person tried for an offense shall be acquitted by the jury for the cause of insanity, that is, as I have explained it to you, found not guilty by reason of insanity, the jury in giving their verdict of not guilty, shall state that it was given for such cause. If the discharge or going at large of the defendant shall be considered by the Court manifestly dangerous to the peace and safety of the public, the Court shall order him to be committed to jail or to a mental institution, to be cared for as an insane person, and such person shall be held in custody until released by order of the committing Court, or the Court may give him into the care of his family or friends, on their giving satisfactory security for the proper care and protection of such person.
In Roberts v. State, 335 So.2d 285 (Fla.1976) the supreme court held that the failure to instruct on the consequences of a verdict of not guilty by reason of insanity constituted reversible error.
The Roberts court found that the refusal to give such an instruction had the effect of leaving the jury wondering. Moreover, the court noted that the jury may be further confused by the efforts of counsel for both sides to supply partially accurate information as to those consequences.
The trial judge’s denial of appellant’s requested instruction would normally constitute reversible error. However, the fact that the judge thereafter included the requested instruction in his charge cured the error of previous denial. Although counsel were never advised of the trial court’s decision to include the charge and may have been somewhat restricted as to pertinent comment in closing arguments we conclude the jury was adequately advised and no reversible error was committed.
Appellant’s contention that Fla.R. Crim.P. 3.220 was violated is also without merit. The state’s proffered testimony of one rebuttal witness and the introduction by the state of police officers’ testimony about the appellant’s statements does not run afoul of Richardson v. State, 246 So.2d 771 (Fla.1971). See Cumbie v. State, 345 So.2d 1061 (Fla.1977); Hardison v. State, 341 So.2d 270 (Fla. 2d DCA 1977); Lavigne v. State, 349 So.2d 178 (Fla. 1st DCA 1977). The elements of surprise and prejudice to the appellant were not sufficient herein to require a reversal.
BOARDMAN, C. J., and RYDER, J., concur.