376 So.2d 386 (1979)
George KILPATRICK, Appellant,
v.
STATE of Florida, Appellee.
No. 51894.
Supreme Court of Florida.
July 18, 1979.
Rehearing Denied November 27, 1979.
*387 Thomas Presnell, Jr., Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and A.S. Johnston and George R. Georgieff, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant George Kilpatrick was convicted of the first degree murder of Lela Mae Coxwell. The jury recommended and the trial judge imposed the death sentence. We have jurisdiction.[1]
This case evolves from the same incident reported in Coxwell v. State, 361 So.2d 148 (Fla. 1978). We must reverse because of the prejudicial error resulting from the prosecutor's use of a codefendant as a rebuttal witness after having expressly advised appellant's counsel to the contrary; the failure to list the codefendant as a witness in accordance with Florida Rule of Criminal Procedure 3.220; and the lack of an inquiry by the trial court into possible prejudice to the defendant from the violation of a criminal discovery rule.
On June 27, 1976, the body of Lela Mae Coxwell was found tied to a concrete block floating in a half-sunken boat in an isolated creek in Wakulla County. Medical testimony at trial established that her death was caused by either of two blows to the head.
The victim and Chester Coxwell, her husband, owned and operated a successful bait and tackle shop. For several months prior to the murder of his wife, Coxwell was involved in an extra-marital affair. Pressures created by this relationship led to Coxwell's offer of money to Kilpatrick in return for the procurement of someone to kill Mrs. Coxwell. When Kilpatrick, a twenty-one-year-old illiterate black man who delivered fish bait to Coxwell's shop on a regular basis, either failed or refused to produce a killer, Coxwell renewed his offer. This time he asked Kilpatrick to undertake the job himself for $5,000 and a pickup truck.
In its case in chief the State offered evidence, including three pretrial statements by the defendant, tending to prove that Kilpatrick accepted Coxwell's final offer and murdered the victim. Although the first two statements denied any involvement in the actual killing, Kilpatrick's third statement revealed that he and a juvenile companion, Nelson Hughley, went to the Coxwell home on the night of June 24, 1976. On arrival, Kilpatrick sounded his car horn, signifying that he had bait to deliver. When Mrs. Coxwell came outside to meet him, he struck her in the head with a heavy pipe. He then loaded her into the trunk of his car and drove to a nearby wildlife refuge. Because she exhibited signs of life, Kilpatrick struck Mrs. Coxwell again and left her in the woods. Two days later, Kilpatrick and Hughley returned and moved the body to the creek where it was finally discovered.
At trial Kilpatrick presented a materially different version of his involvement in the crime. Testifying in his own behalf, Kilpatrick repudiated his pretrial confession to the murder, stating that he had admitted killing Mrs. Coxwell only to protect his sixteen-year-old friend, Nelson Hughley, a co-defendant. *388 He testified that on June 24 he and Hughley went to Coxwell's home to pick up some marijuana. When they arrived, however, Mrs. Coxwell was already dead. Mr. Coxwell threatened to either blame the murder on Kilpatrick or kill him unless he removed the body from the premises. Kilpatrick testified that he complied because of the threat.
At the close of the defendant's case which consisted entirely of Kilpatrick's testimony, the trial court recessed. At this point in the trial the record reflects that other than Kilpatrick's disputed confession, the State offered no evidence in its case in chief inconsistent with Kilpatrick's trial testimony that he simply transported a corpse from the Coxwell residence. That evening the prosecutor reached an agreement with the codefendant, Nelson Hughley, and his counsel. In exchange for Hughley's rebuttal testimony, the prosecutor promised him use immunity and that efforts would be made by the prosecutor's office to proceed against him as a juvenile rather than as an adult. This latter recommendation would result in Hughley facing maximum confinement of only five years. Counsel for the appellant, Kilpatrick, was then notified that evening of the fact that Hughley would testify the next day.
The following day Kilpatrick's counsel objected vigorously to the admission of Hughley's testimony, arguing that Hughley's name had not been included in the witness list provided by the State in accordance with Florida Rule of Criminal Procedure 3.220 and the prosecutor had expressly advised him that Hughley would not be a witness. The record reflects that counsel for Kilpatrick had timely filed a demand for discovery, and in response the State filed an answer and three amendments listing a total of seventy-six potential witnesses but Nelson Hughley's name was not among them. In ruling on the objection, the trial judge stated:
[A]s I understand the rules, the purpose of discovery is to permit you a list of witnesses, but I have never interpreted that rule to require the furnishing to you of a list of witnesses that may be used in rebuttal, not knowing what your testimony is going to reveal. I think it appropriate for Mr. Hughley to testify in rebuttal, and only in rebuttal... .
Hughley's testimony clearly refuted Kilpatrick's accessory-after-the-fact theory, revealing that when they arrived at Mrs. Coxwell's home on the 24th, she was alive, and that when they left her at the wildlife refuge, she was dying.
Regrettably, it is upon these facts that we must now determine that the criminal rules were not only violated but that no inquiry into possible resulting prejudice to the appellant was made by the trial court. Florida's criminal discovery rules are designed to prevent surprise by either the prosecution or the defense. Their purpose is to facilitate a truthful fact-finding process. Discovery under Florida Rule of Criminal Procedure 3.220 is commenced by service of a demand for discovery by the defense on the State. The rule imposes a continuing mandatory duty on the prosecution to disclose certain specifics, including the names of prospective witnesses. Once having invoked this procedure, the defense must also affirmatively respond by disclosing certain information to the prosecution including the names of prospective witnesses. Both sides are entitled to rely on full and fair compliance with the rule in preparing their cases for trial.
The trial judge, in admitting Hughley's testimony as a witness, based his ruling on the fact that Hughley was a rebuttal witness and that such witnesses were not covered by the rule. That ruling by the trial court was erroneous. Florida Rule of Criminal Procedure 3.220 recognizes no rebuttal witness exception, and the State concedes the point. See Smith v. State, 319 So.2d 14 (Fla. 1975); Hardison v. State, 341 So.2d 270 (Fla. 2d DCA 1977); Frazier v. State, 336 So.2d 435 (Fla. 1st DCA 1976). Hughley's status as a codefendant also did not excuse the State from listing him as a possible witness. Carnivale v. State, 271 So.2d 793 (Fla. 3d DCA 1973). This error by the trial court was then compounded *389 because the rule does allow such a witness to testify provided the trial court conducts an adequate inquiry into all surrounding circumstances to determine whether the defendant is prejudiced, and, if so, whether there is a means to avoid that prejudice.
This Court observed in Richardson v. State, 246 So.2d 771, 774 (Fla. 1971), that the criminal discovery rules were "never intended to furnish a defendant with a procedural device to escape justice." We specified in that decision that a trial court must determine if there is prejudice to the defendant when a violation of the discovery rule occurs. Under the Richardson rule, trial courts are required to carefully scrutinize the events surrounding the failure to comply with this discovery rule and the impact, if any, on the aggrieved party. There was no such inquiry, nor were the circumstances of the agreement between the prosecutor and the codefendant, Hughley, fully presented at the time of Hughley's testimony. Counsel for the appellant, Kilpatrick, was required to call counsel for Hughley as a witness in surrebuttal to testify concerning the terms of the agreement. Failure to make the requisite inquiry mandates our reversal and remand for a new trial. Cumbie v. State, 345 So.2d 1061 (Fla. 1977). Our decision on this point eliminates any need for the Court to rule on the other issues in this case.
For the reasons expressed, we reverse the appellant's conviction and remand for a new trial.
It is so ordered.
ENGLAND, C.J., and OVERTON, HATCHETT and ALDERMAN, JJ., concur.
BOYD, J., dissents with an opinion, with which ADKINS, J., concurs.
BOYD, Justice, dissenting.
In this case, the trial court allowed the state, in its case on rebuttal, to elicit the testimony of a witness whose name did not appear on any of the witness lists supplied by the state in response to demand for discovery made by the defense.
In general, any evidence that is relevant to prove a fact in issue is admissible into evidence unless its admissibility is precluded by some specific rule of exclusion. Williams v. State, 110 So.2d 654, 658 (Fla. 1959).
Florida Rule of Criminal Procedure 3.220 provides for discovery in criminal cases. It is designed to afford the parties an opportunity to prepare and to avoid the likelihood of surprise at trial. The rule provides, among other things, that it is the prosecutor's obligation, upon demand by the defendant, to disclose the names and addresses of all persons known to have information which may be relevant to the case.[1] When this discovery obligation is not complied with, the trial court may exclude the testimony of a witness whose name and address were not furnished.[2]
The violation of a rule of procedure does not require the reversal of a conviction unless the record shows that the noncompliance resulted in prejudice to the defendant. "The Rule was designed to furnish a defendant with information which would bona fide assist him in the defense of the charge *390 against him. It was never intended to furnish a defendant with a procedural device to escape justice." Richardson v. State, 246 So.2d 771, 774 (Fla. 1971). The exclusion of relevant testimony is an extreme remedy which should only be resorted to when necessary to avoid actual prejudice to the party to whom the discovery obligation is owed. See Pizzo v. State, 289 So.2d 26 (Fla. 2d DCA 1974). "Relevant evidence should not be excluded from the jury unless no other remedy suffices." Cooper v. State, 336 So.2d 1133, 1138 (Fla. 1976).
The question of whether the failure to comply with a discovery obligation has caused actual prejudice reposes in the broad discretion of the trial court, due to its closeness to the circumstances of the case. Mobley v. State, 327 So.2d 900 (Fla. 3d DCA 1976). The decision of the trial court on whether the violation calls for the extreme remedy of exclusion of the testimony will not be disturbed on appeal unless it is an abuse of discretion. Id. To facilitate appellate review of the trial court's exercise of discretion, however, there must be at the trial court level an adequate inquiry into the surrounding circumstances. Smith v. State, 319 So.2d 14 (Fla. 1975). The court cannot summarily overrule an objection to the use of an undisclosed witness; and the facts justifying the court's decision should appear in the record. See, e.g., Cumbie v. State, 345 So.2d 1061 (Fla. 1977); Frazier v. State, 336 So.2d 435 (Fla. 1st DCA 1976); Carnivale v. State, 271 So.2d 793 (Fla. 3d DCA 1973); Howard v. State, 239 So.2d 83 (Fla. 1st DCA 1970).
In the instant case, when the defense objected to the state's calling of an unlisted witness in presenting its rebuttal, the court heard arguments of counsel on the objection. The essential surrounding circumstances were disclosed to the court at this time. These circumstances, as they appear in the record, were as follows. The defense was of course aware of the existence of the witness and the likelihood that he had relevant information, since the witness in question had been a codefendant. Prior to trial, in response to the appellant's demand for discovery, the state had furnished copies of statements that the codefendant made to the police. Prior to trial the state did not intend to call the witness and apprised the defense of this fact. The state sought to use the testimony of the witness on rebuttal after the defendant had testified in his own behalf. The state of course had no way of knowing what the substance of the defendant's testimony would be until it was before the jury. As soon as the state had made arrangements to secure the testimony of the unlisted witness, it gave notice to the defense.
It is true, as the majority points out, that there is no exception in the rule for rebuttal witnesses or codefendants. But, as is indicated above, the rule "is not an end in itself but has the purpose of furnishing a defendant with information that will enable him to better prepare his defense; it eliminates surprise and affords a defendant time to interview witnesses." Buttler v. State, 238 So.2d 313, 314 (Fla. 3d DCA 1970). A number of decisions rendered by appellate courts of this state have recognized certain circumstances as being relevant to the question of whether discovery noncompliance has caused actual prejudice. When the undisclosed witness is one which the defense was in fact aware of, it is recognized that the appearance of the witness' name on a list is unlikely to add significantly to the ability of the defense to prepare for trial. See, e.g. Holman v. State, 347 So.2d 832 (Fla. 3d DCA 1977); Mobley v. State, 327 So.2d 900 (Fla. 3d DCA 1976); Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970); Buttler v. State, 238 So.2d 313 (Fla. 3d DCA 1970). Affording the defense an opportunity to interview the witness before he testifies may render the noncompliance harmless. See Ezzell v. State, 88 So.2d 280 (Fla. 1956). It is also recognized that the court should take into consideration, when applicable, the fact that the unlisted witness is sought to be used on rebuttal following presentation by the opposition of evidence which causes surprise. See, e.g., Holman v. State, 347 So.2d 832 (Fla. 3d DCA 1977); Breedlove v. State, 295 So.2d 654 (Fla. 3d DCA 1974); C.A.W. v. State, 295 So.2d 329 (Fla. 1st DCA 1974); Rowan v. State, 252 So.2d 851 (Fla. 3d DCA 1971).
*391 The record does not disclose any attempt by defense counsel, after arguing his objection, to seek an alternative remedy such as a recess or continuance to allow him to interview or depose the witness in order to better prepare to cross-examine him. Defense counsel did not request permission to reopen his case. These facts are significant to the issue of actual prejudice. Shields v. State, 64 So.2d 271 (Fla. 1953). But see Johnson v. State, 312 So.2d 231 (Fla. 3d DCA 1975).
The determination of whether the trial court has made an adequate inquiry depends on the circumstances of each case. The court is not required to enter specific findings on the record so long as there is inquiry, the circumstances supporting the court's exercise of discretion appear on the record, and there is a specific ruling on the objection. Ansley v. State, 302 So.2d 797 (Fla. 1st DCA 1974).
I would hold that the trial court, having inquired into the surrounding circumstances, exercised its discretion reasonably in deciding that no prejudice to the defendant would result from allowing the testimony despite a technical noncompliance with the state's discovery obligation. The judgment of conviction should be affirmed.
ADKINS, J., concurs.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.
[1] Fla.R.Crim.P. 3.220(a)(1)(i):

(a) Prosecutor's Obligation.
(1) After the filing of the indictment or information, within fifteen days after written demand by the the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect, copy, test and photograph, the following information and material within the State's possession or control:
(i) The names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto.
[2] Fla.R.Crim.P. 3.220(j)(1):

(j) Sanctions.
(1) If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order such party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.