PER CURIAM.
Appellant seeks a new trial based on the trial court’s exclusion of a co-defendant’s testimony at trial. At the close of the state’s case, the trial court granted the co-defendant’s motion for a judgment of acquittal. Appellant then announced his intention to call the co-defendant as a witness. The state objected and argued that appellant’s failure to list the co-defendant as a witness constituted a discovery violation. The trial court agreed and found that the state would suffer prejudice if it allowed the co-defendant to testify.
We find no error in the trial court’s exclusion of this testimony. The trial court conducted an adequate hearing as required by Richardson v. State, 246 So.2d 771 (Fla. 1971) and the record supports the exclusion of the witness based on prejudice to the state. Appellant also admitted that he could, and in fact did, present the same testimony with two other witnesses.
Accordingly, appellant’s conviction is affirmed on the authority of Kilpatrick v. State, 376 So.2d 386 (Fla.1979) and Richardson v. State, supra. However, we reverse and remand his sentence for deletion of the costs assessed against him, on the authority of Jenkins v. State, 444 So.2d 947 (Fla.1984).
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
HERSEY, C.J., and ANSTEAD and DELL, JJ., concur.