KLEIN, J.
Appellant was charged with one count of possession of cocaine with intent to sell, *585 one count of possession of cannabis with intent to sell, and one count of possession of diazepam. A jury found him guilty of possession of diazepam and the lesser included offenses of possession of more than 20 grams of cocaine and possession of cannabis. He argues that the court erred in allowing in evidence a rifle which was found in the closet of the bedroom in which the drugs were found, and that the trial court should have granted a mistrial after a witness referred to a prior drug sale made by appellant. We reverse for a new trial.
A detective obtained a search warrant for this three bedroom house after receiving information that drugs were being sold in the house. In one of the bedrooms deputies found a baggie of crack cocaine, ninety-nine small baggies of marijuana, $1,900 in small bills, and a rifle in the bedroom closet.
Prior to trial the court approved a stipulation that the state would not introduce any evidence of prior drug transactions or confidential informants. During cross-examination of the detective, defense counsel asked if the detective had seen other people outside the residence when he executed the warrant and asserted, “[Y]ou never saw Mr. Harris attempting to sell any drugs to any of the individuals who were present out in front of the residence.” The lead detective answered that he had not. On redirect, the state asked the detective if he was aware of appellant selling drugs to anybody that day. When the detective began to explain that a confidential informant had purchased drugs, appellant objected and moved for a mistrial on the ground that this violated the pretrial ruling, and that he had not been provided this information in discovery. The trial court ruled that appellant had opened the door by the above statement, and the lead detective then described a drug buy from appellant.
Appellant’s motion for mistrial was grounded on the claim that the state had not informed appellant about any drug purchases made the day of the search, that this was a discovery violation, and that a hearing was required by Richardson v. State, 246 So.2d 771 (Fla.1971). Under Florida Rule of Criminal Procedure 3.220(b)(1)(G), the state had the obligation to provide Harris with “information that has been provided by a confidential informant.” Additionally, rule 3.220(b)(1)(B) requires the state to provide the defense “a list of names and addresses of all persons known to the prosecutor to have information that may be relevant to any offense charged or any defense thereto.” Scipio v. State, 928 So.2d 1138, 1142 (Fla. 2006). In Scipio, which involved the failure to disclose changed testimony rather than the failure to disclose a witness altogether, the supreme court held that, because Florida’s criminal discovery rules are designed to prevent surprise by either the prosecution or the defense and to facilitate a truthful fact-finding process, they require not “only compliance with the technical provisions of the discovery rules, but also adherence to the purpose and spirit of those rules.” Scipio, 928 So.2d at 1144. Thus, they impose “a continuing mandatory duty on the prosecution to disclose certain specifics.” Id. (quoting Kilpatrick v. State, 376 So.2d 386, 388 (Fla.1979)).
The trial court did not address the discovery violation with a Richardson hearing and ruled that the evidence of the earlier sale was admissible because appellant opened the door when cross-examining the detective. If the state had informed appellant about the evidence of the earlier drug purchase, however, appellant might not have opened the door. In any event, the fact that appellant may have opened *586 the door did not dispense with the need for a Richardson hearing as to the discovery violation, and the evidence was prejudicial and requires a new trial.
Appellant also argues that the court erred in admitting in evidence the rifle found in the closet of the bedroom where the drugs were found. The trial court, in admitting the evidence of the rifle, relied on federal cases which have concluded that firearms are, like other narcotics paraphernalia, tools of the drug trade.[1] We need not address this issue further because appellant, although charged with intent to sell, was convicted only of possession. Because appellant’s new trial will be limited to charges of possession, and not intent to sell, the tools of narcotics trade rationale will not apply.
Our reversal on the first issue makes the remaining issue involving an I.D. card moot, because we anticipate that on remand appellant will have the opportunity to bring out all of the facts involving the I.D. card, if the state again introduces it in evidence.

Reversed for a new trial.

POLEN and MAY, JJ., concur.

. In United States v. Alvarez, 860 F.2d 801 (7th Cir.1988), the court cited and followed ten other federal courts of appeal which had allowed firearms to be introduced in evidence under the rationale that they were tools of the narcotics trade and relevant to the issue of intent to sell. United States v. Wiener, 534 F.2d 15, 18 (2d Cir.), cert. denied, 429 U.S. 820, 97 S.Ct. 66, 50 L.Ed.2d 80 (1976) ("Experience on the trial and appellate benches has taught that substantial dealers in narcotics keep firearms on their premises as tools of the trade almost to the same extent as they keep scales, glassine bags, cutting equipment and other narcotics equipment.”).