# Third District Court of Appeal

## State of Florida

Opinion filed July 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1533
Lower Tribunal No. 14-22398
_____

**Steve Austin,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jay E. Silver, Assistant Attorney General, for appellee.

Before SHEPHERD, EMAS and SCALES, JJ.

EMAS, J.

Appellant, Steve Austin, appeals from the judgments and sentences for the offenses of burglary and grand theft. He raises two claims on appeal: the State during closing argument engaged in improper bolstering of a civilian witness; and the trial court erred in failing to conduct a Richardson[1] hearing and allowing, over objection, expert testimony from a crime scene investigator whose name was provided by the State in discovery, but who had not been designated as an expert witness.

As to the closing argument, we hold that the statements did not constitute bolstering and the trial court did not err in overruling the defense objections. The State was discussing the standard jury instructions which list the factors the jury should consider in weighing the evidence and determining what evidence is reliable. See Fla. Std. J. Inst. (Crim.) 3.9 ("Weighing the Evidence").[2] The

---

[1] Richardson v. State, 246 So. 2d 771 (Fla. 1971).

[2] The jury instruction, as read to the jury in this case, provided in pertinent part:

> It is up to you to decide what evidence is reliable. You should use your common sense in deciding which is the best evidence and which evidence should not be relied upon in considering your verdict. You may find some of the evidence not reliable, or less reliable than other evidence.
>
> You should consider how the witnesses acted, as well as what they said. Some things you should consider are:
> 1. Did the witness seem to have an opportunity to see and know the things about which the witness testified?
> 2. Did the witness seem to have an accurate memory?
> 3. Was the witness honest and straightforward in answering the attorneys' questions?

prosecutor thereafter argued what the evidence had shown (or failed to show) as to these factors, when applied to the witness' testimony. Read in proper context, the prosecutor did not personally "vouch" for the witness,[3] place the government's credibility or prestige behind a witness, or argue or imply the prosecutor was aware of information, not presented to the jury, bearing on the witness' credibility, reliability or motive for testifying.[4] Instead, the prosecutor's argument addressed why, based upon the jury instructions and the evidence, the jury should conclude that the witness was neither biased nor mistaken in the testimony he gave at trial. This is permissible argument. Johnson v. State, 858 So. 2d 1274 (Fla. 3d DCA 2003).

As to the opinions offered by Crime Scene Investigator Formosa, the trial court properly determined this was permissible lay testimony and not expert testimony, and that the State was therefore not required to designate Formosa as an expert witness.[5] This portion of Formosa's testimony centered on pry marks left

---

4. Did the witness have some interest in how the case should be decided?
5. Does the witness's testimony agree with the other testimony and other evidence in the case?

[3] See, e.g., Jorlett v. State, 766 So. 2d 1226 (Fla. 5th DCA 2000).
[4] See, e.g., Valentine v. State, 98 So. 3d 44 (Fla. 2012); Gorby v. State, 630 So. 2d 544 (Fla. 1993).
[5] Moreover, Austin did not contend below, or on appeal, that the witness was not qualified to render an expert opinion on this issue. (Indeed, the witness gave a pretrial deposition at which the defense questioned him regarding the pry marks and the tool by which they were likely made.) Rather, the discrete claim is that

on a drawer which was forced open and from which several items were taken in the course of the burglary. Investigator Formosa testified that he processed the scene and inspected the drawer. He observed the pry marks right next to the locking mechanism of the drawer and testified that they were made with some type of tool.[6] When asked, Formosa testified: "I don't know what [type of tool] was used" to pry open the drawer. He also testified, in answer to further questions, that the marks "were consistent with," and "could have been" made by a screwdriver.[7] This type of testimony, based upon the personal observation and general experience of such a witness, has long been recognized as permissible lay testimony. In Peacock v. State, 160 So. 2d 541 (Fla. 1st DCA 1964), the First District held that the trial court properly permitted a deputy to testify as a lay

---

the State committed a Richardson violation by failing to designate the witness as an expert, as provided by Florida Rule of Criminal Procedure 3.220(b)(1)(A)(i), resulting in procedural prejudice to Austin in preparation for trial. The trial court did not conduct a Richardson hearing, concluding that no violation had occurred because the witness did not offer an expert opinion. Based upon our analysis, we agree. However, even if the trial court's ruling was erroneous, we find the failure to conduct a Richardson hearing was harmless beyond a reasonable doubt. See Schopp v. State, 653 So. 2d 1016 (Fla. 1995).

[6] During the processing of the scene, the witness took photographs of the drawer and the pry marks. Those photographs were admitted into evidence for the jury to consider.

[7] The purported significance is that, when Austin was arrested at a hotel room several weeks later, police found a screwdriver on his bed. However, the screwdriver was never tested nor were any comparisons made between the seized screwdriver and the pry marks on the drawer. No testimony, lay or expert, was ever elicited that the pry marks were made by the screwdriver later found in Austin's possession.

witness regarding his visual comparison of a defendant's automobile tires with casts of tire prints found near the scene of the crime. In affirming, the court noted:

> One does not have to be specially trained in order to make a visual comparison of this character. The subject is one upon which an intelligent person with some degree of experience—qualifications possessed by the witness—may and should be permitted to testify, leaving to the jury, as is its exclusive province, the determination of the credence and weight to be given thereto.

Id. at 543. See also Reynolds v. State, 99 So. 3d 459 (Fla. 2012) (citing Peacock with approval); Floyd v. State, 569 So. 2d 1225 (Fla. 1990) (citing Peacock with approval); Jones v. State, 440 So. 2d 570 (Fla. 1983) (citing Peacock with approval and holding trial court properly admitted lay testimony by experienced police officer that the mark on the "stash house" window sill was made by the recoil of a high-powered rifle); L.L. v. State, 189 So. 3d 252 (Fla. 3d DCA 2016). We find no error in the trial court's admission of this testimony, which was "within the permissible range of lay observation and ordinary police experience." Floyd, 569 So. 2d at 1232.

Affirmed.