# Third District Court of Appeal

## State of Florida

Opinion filed June 11, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2255
Lower Tribunal No. F22-12039
_____

**Jorge Alberto Torolopez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Altfield, Judge.

Carlos J. Martinez, Public Defender, and Amy Weber, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before FERNANDEZ, MILLER and GOODEN, JJ.

GOODEN, J.

Appellant Jorge Alberto Torolopez appeals his conviction and sentence. He raises three issues. We affirm in all respects and write only to address one—whether the trial court abused its discretion by failing to conduct a Richardson[1] hearing.

Believing that Torolopez damaged her vehicle, Diana Gutierrez exchanged numerous heated phone calls and text messages with him. Gutierrez later approached Torolopez in a parking lot. Her husband, Victor Diaz, and son, Carlos Endo, were also present. Gutierrez and Torolopez traded angry words. Diaz intervened and the altercation turned physical, resulting in Diaz pinning Torolopez to the ground. When released, Torolopez threatened, "now you're going to see what I'm going to do."

Torolopez retrieved a machete from his vehicle. Torolopez swung the machete as he moved towards Gutierrez. When Gutierrez jumped back, Torolopez continued to move towards Endo. Endo ran, narrowly escaping the machete. Finally, Torolopez turned and walked towards Diaz, still swinging the machete.[2]

---

[1] Richardson v. State, 246 So. 2d 771 (Fla. 1971).

[2] Torolopez denied exhibiting or swinging the machete. He claimed that the machete was in his vehicle during the entire incident.

Sometime during the fight, Diaz sustained a cut on his arm. At his deposition, Diaz testified that he did not know how he got cut. He was unsure whether it was from the machete or the physcial altercation. Diaz explained that, because of a prior injury, he does not have feeling in his right arm. As a result, he could not say for sure when the cut occurred.

But at trial, Diaz testified:

Q.    When he came back with a machete, what did he do?

A.    He swung at us. He came at me, he came at Diana, then he came at Carlos. And I screamed at Carlos because he froze and I said run, and he almost hit him in the back.

Q.    When he came at you, what happened?

A.    I raised my hand and he cut me.

Torolopez lodged a <u>Richardson</u> objection. The trial court reviewed both the deposition and trial testimony, and found no <u>Richardson</u> violation occurred. It noted that no new evidence was presented as there was other evidence that Diaz was cut by the machete—a 911 call wherein Diaz said Torolopez cut him, the arrest affidavit, and Gutierrez's testimony.

The trial court noted that Torolopez could impeach Diaz on cross-examination. And Torolopez did so. Diaz admitted that, because of the numbness in his right arm, he did not know when he had been cut. His understanding that the machete had cut him came from his wife.

3

The jury found Torolopez guilty of aggravated battery with a deadly weapon of Diaz, improper exhibition of a weapon as to Endo, and aggravated assault with a deadly weapon of Gutierrez. He was sentenced to five years in prison and three years of probation. This appeal followed.

We review the trial court's decision on a <u>Richardson</u> hearing for an abuse of discretion. <u>Andres v. State</u>, 254 So. 3d 283, 293 (Fla. 2018); <u>Conde v. State</u>, 860 So. 2d 930, 958 (Fla. 2003); <u>Pender v. State</u>, 700 So. 2d 664, 667 (Fla. 1997).

"Florida's criminal discovery rules are designed to prevent surprise by either the prosecution or the defense. Their purpose is to facilitate a truthful fact-finding process." <u>Kilpatrick v. State</u>, 376 So. 2d 386, 388 (Fla. 1979). Florida Rule of Criminal Procedure 3.220 requires certain disclosures from both parties if the defendant elects to participate in discovery. <u>See generally</u> Fla. R. Crim. P. 3.220. The rule also provides for continuing duties. <u>Id.</u> at (j). "Both sides are entitled to rely on full and fair compliance with the rule in preparing their cases for trial." <u>Kilpatrick</u>, 376 So. 2d at 388.

If a party makes a <u>Richardson</u> objection, the trial court must first determine whether a discovery violation occurred. <u>Sinclair v. State</u>, 657 So. 2d 1138, 1140 (Fla. 1995). "When testimonial discrepancies appear, the witness' trial and deposition testimony can be laid side-by-side . . . ." <u>Bush</u>

4

v. State, 461 So. 2d 936, 938 (Fla. 1984). The trial court must decide whether the change is material or simply a clarification of prior testimony. Andres, 254 So. 3d at 293–94 (Fla. 2018). Only material changes constitute a discovery violation. Id. An example of a material change is where a witness' testimony transform them from a witness who did not see the crime to one that is the only eyewitness. State v. Evans, 770 So. 2d 1174, 1182 (Fla. 2000).

When it finds that a violation has occurred, the trial court must then conduct an inquiry as to whether the violation was willful, substantial, and had a prejudicial effect on trial preparation. Richardson, 246 So. 2d at 774–75. See also Knight v. State, 76 So. 3d 879, 888 (Fla. 2011); J.S. v. State, 277 So. 3d 270, 273 (Fla. 2d DCA 2019) ("If the court determines that no discovery violation has occurred, it need not proceed with the other steps . . . ."). "[T]he trial court has discretion to determine whether the violation resulted in harm or prejudice to the defendant, but this discretion can be properly exercised only after adequate inquiry into all the surrounding circumstances." Sinclair, 657 So. 2d at 1140.

The trial court correctly found that no discovery violation occurred. Diaz did not materially change his deposition testimony. Rather, he simplified it. He then clarified it during cross-examination. He explained that

his understanding that he had been cut by the machete came from his wife. This is a minor discrepancy in detail. As a result, the trial court was not obligated to conduct a <u>Richardson</u> hearing. <u>State v. McFadden</u>, 50 So. 3d 1131, 1134 (Fla. 2010). No abuse of discretion occurred.

Affirmed.