# Third District Court of Appeal
## State of Florida

Opinion filed September 10, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-0231
Lower Tribunal No. A85U4HE

————————————

**Cristian Olano Sanchez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Cristina Rivera Correa, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before SCALES, C.J., and LOBREE and GOODEN, JJ.

GOODEN, J.

In this DUI case, the question before this Court is whether the police officer testified as an undisclosed expert or a disclosed lay witness. If he testified as an undisclosed expert witness, the trial court was required to perform a Richardson[1] hearing—which it did not do. Finding that the trial court correctly found that the officer did not provide expert testimony, we affirm.

## I.

At approximately 6:00 a.m. on August 16, 2021, Appellant Cristian Olano Sanchez was found unresponsive, slumped over the steering wheel of his vehicle, which had crashed into a light pole. He did not have a shirt on, but had Mardi Gras beads around his neck. The keys were still in the ignition and the car was in drive.

Once stirred, Olano's eyes were bloodshot and watery. He was confused, unbalanced, and his speech slurred. He kept using a public trashcan to hold himself up. Officers smelled alcohol. The officers conducted field sobriety tests, during which Olano Sanchez declared, "I'm wasted." Officers took a breath test using the Intoxilyzer 8000. See §

---

[1] Richardson v. State, 246 So. 2d 771 (Fla. 1971).

316.1932(1)(a)1.a., Fla. Stat. (2021). Olano's breath readings were 0.099 and 0.0995, which were over the legal limit.

Upon questioning, Olano Sanchez denied any medical or physical problems. He explained that he drank ten gallons of water that night. He admitted to driving, but stated that he did not feel impaired. He did not ask for medical assistance.

Olano Sanchez is a Type I diabetic. He claims he was having a diabetic emergency and was not impaired. A diabetic episode can make a patient appear intoxicated. Diabetics in ketoacidosis produce a chemical called acetone that can interfere with breathalyzer machines.

The State charged Olano Sanchez with one count of driving under the influence and one count of reckless driving. The State listed Officer Angel Hernandez as a Category A witness—but did not designate him as an expert.[2] Fla. R. Crim. P. 3.220(b)(1)(A)(i). Officer Hernandez is the City of Miami's agency inspector for the Intoxilyzer. He was not present on the day of Olano Sanchez's arrest, but conducts maintenance and inspections on the machine.

---

[2] The State withdrew its previously listed expert witness.

At trial, Officer Hernandez testified over two days.[3]  At length, he explained how the Intoxilyzer works, his maintenance of the machine, and his inspections.  On several occasions, Olano Sanchez objected, arguing it was improper expert testimony.  He maintained he was deprived of the opportunity to depose an expert witness and was prejudiced.  The trial court overruled the objections and found that Officer Hernandez was merely testifying as a records custodian—not an expert.  At Olano Sanchez's request for a limiting instruction, the trial court instructed the jury that Olano Sanchez's witness was the only expert in the case and that all other witnesses were not experts.

Ultimately, the jury rejected Olano Sanchez's defense and found him guilty of driving under the influence.  He moved for a new trial arguing that the State circumvented the requirements of section 90.702, Florida Statutes.  The trial court denied the motion and placed Olano Sanchez on one-year probation with a special condition that he complete 174 days in jail.

This appeal followed.  On appeal, Olano Sanchez asserts that Officer Hernandez testified as an undisclosed expert witness, and therefore, the trial

---

[3] The jury also heard from the officers who responded to the scene and saw camera footage from their body worn cameras.

4

court should have conducted a <u>Richardson</u> hearing. He further argues he was procedurally prejudiced in preparing his defense.

## II.

"Florida's criminal discovery rules are designed to prevent surprise by either the prosecution or the defense. Their purpose is to facilitate a truthful fact-finding process." <u>Kilpatrick v. State</u>, 376 So. 2d 386, 388 (Fla. 1979). Florida Rule of Criminal Procedure 3.220 requires certain disclosures from both parties if the defendant elects to participate in discovery. <u>See generally</u> Fla. R. Crim. P. 3.220. This includes disclosing "expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify." <u>Id.</u> at (b)(1)(A)(i). <u>See also</u> <u>Kearse v. State</u>, 770 So. 2d 1119, 1127 (Fla. 2000) ("By rule, Florida provides for two-way discovery and imposes obligations on both parties, including a list of expert witnesses."). "Both sides are entitled to rely on full and fair compliance with the rule in preparing their cases for trial." <u>Kilpatrick</u>, 376 So. 2d at 388.

If a party makes a <u>Richardson</u> objection, the trial court must first determine whether a discovery violation occurred. <u>Sinclair v. State</u>, 657 So. 2d 1138, 1140 (Fla. 1995). When it finds that a violation has occurred, the trial court must then conduct an inquiry as to whether the violation was willful, substantial, and had a prejudicial effect on trial preparation. <u>Richardson</u>, 246

5

So. 2d at 774–75.  See also Knight v. State, 76 So. 3d 879, 888 (Fla. 2011); J.S. v. State, 277 So. 3d 270, 273 (Fla. 2d DCA 2019) ("If the court determines that no discovery violation has occurred, it need not proceed with the other steps . . . .").  "[T]he trial court has discretion to determine whether the violation resulted in harm or prejudice to the defendant, but this discretion can be properly exercised only after adequate inquiry into all the surrounding circumstances." Sinclair, 657 So. 2d at 1140.

"The failure to designate a witness in discovery as an expert witness constitutes a discovery violation."  Gurolla v. State, 370 So. 3d 694, 698 (Fla. 5th DCA 2023).  See also Kipp v. State, 128 So. 3d 879, 881 (Fla. 4th DCA 2013) ("It is not enough to list such witnesses as Category A witnesses; the state is also required to indicate that the witness will testify as an expert."); Henry v. State, 42 So. 3d 328, 329 (Fla. 2d DCA 2010) ("Merely listing the witness as a category A witness did not satisfy the plain language of the rule. Failure to include the expert designation in pretrial discovery constituted a discovery violation . . . .") (internal citation omitted); Luis v. State, 851 So. 2d 773, 776 (Fla. 2d DCA 2003).

We must determine whether Officer Hernandez provided expert testimony.  If he did, there was a discovery violation, which required the trial court to perform a Richardson inquiry.  "The trial court's failure to conduct a

6

Richardson hearing is reversible error unless a reviewing court can say beyond a reasonable doubt that the defense was not procedurally prejudiced." Moorer v. State, 133 So. 3d 1242, 1242 (Fla. 4th DCA 2014). See Smith v. State, 7 So. 3d 473, 505–06 (Fla. 2009); State v. Schopp, 653 So. 2d 1016, 1020–21 (Fla. 1995).

**A.**

"In Florida[,] as in many states, a distinction exists between factual evidence or testimony, and opinion testimony." Walls v. State, 641 So. 2d 381, 390 (Fla. 1994). Factual testimony provides concrete facts and is based on the witness's personal knowledge through his or her own observations and perceptions. See § 90.604, Fla. Stat. (2024); Black's Law Dictionary (12th ed. 2024) (defining "fact witness" as "A witness who has firsthand knowledge of something based on the witness's perceptions through one of more of the five senses."). Whereas opinion testimony provides opinions or inferences drawn from those facts. See Black's Law Dictionary (12th ed. 2024) (defining "opinion evidence" as "A witness's belief, thought, inference, or conclusion concerning a fact or facts."). See generally Damen v. State, 793 So. 2d 106, 109 (Fla. 2d DCA 2001) (providing examples of fact versus opinion testimony).

7

Opinion testimony comes in two forms: lay or expert. Lay opinion testimony is controlled by section 90.701, Florida Statutes:

> If a witness is not testifying as an expert, the witness's testimony about what he or she perceived may be in the form of inference and opinion when:
>
> (1) The witness cannot readily, and with equal accuracy and adequacy, communicate what he or she has perceived to the trier of fact without testifying in terms of inferences or opinions and the witness's use of inferences or opinions will not mislead the trier of fact to the prejudice of the objecting party; and
>
> (2) The opinions and inferences do not require a special knowledge, skill, experience, or training.

§ 90.701, Fla. Stat. (2024). Section 90.702, Florida Statutes, governs expert testimony. It reads:

> If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion or otherwise, if:
>
> (1) The testimony is based upon sufficient facts or data;
>
> (2) The testimony is the product of reliable principles and methods; and
>
> (3) The witness has applied the principles and methods reliably to the facts of the case.

§ 90.702, Fla. Stat. (2024). See also §§ 90.703, Fla. Stat. (2024); 90.704, Fla. Stat. (2024).

8

But just because a witness has specialized knowledge, skill, experience, training, or education, does not automatically make his or her testimony expert in nature. See, e.g., Gutierrez v. Vargas, 239 So. 3d 615, 622 (Fla. 2018) (treating physicians); Buzby v. Turtle Rock Cmty. Ass'n, Inc., 333 So. 3d 250, 254 (Fla. 2d DCA 2022) (attorneys); L.L. v. State, 189 So. 3d 252, 256–58 (Fla. 3d DCA 2016) (police officers). Indeed, "[a] party's label for a witness matters little. Instead, the substance of the testimony drives the analysis." Pitts v. Neptune, 396 So. 3d 619, 621 (Fla. 1st DCA 2024).

In analyzing the substance of the testimony, we examine whether the testimony concerns concrete facts based on personal knowledge or observation. See Austin v. State, 199 So. 3d 327, 330 (Fla. 3d DCA 2016). Or, whether the witness obtained the factual knowledge for purposes of litigation or for evaluating other's work. See Fittipaldi USA, Inc. v. Castroneves, 905 So. 2d 182, 186 (Fla. 3d DCA 2005); Tetrault v. Fairchild, 799 So. 2d 226, 228 (Fla. 5th DCA 2001). The former is not expert testimony, but the latter is.

Officer Hernandez began his testimony explaining his background, training, and his familiarity with the specific Intoxilyzer used in this case. He elaborated on how the machine is stored, how it works, and the maintenance

9

and inspections he performs on the machine. This included detailed testimony concerning the detection of interference other than alcohol, filters within the machine, and molecules interacting with infrared light. He also was the witness through which numerous documents connected to this machine—such as the machine's registration, inspection text data, calibration certificate, FDLE inspection report, breath test affidavit, and certificate of assurances for a certain sample lot—came into evidence. He was the custodian of these records.

All this testimony is derived from his years of personal experience maintaining and inspecting the Intoxilyzer. He did not obtain this knowledge for purposes of litigation. He also was not evaluating someone else's work. So, his testimony was not expert in nature. See Gordon v. State, 863 So. 2d 1215, 1219 (Fla. 2003) (holding witness testimony factually explaining contents of phone record and comparing the locations on the phone records to the cell site maps was not expert testimony); Perez v. State, 980 So. 2d 1126, 1129 (Fla. 3d DCA 2008) (holding general background information to explain the concept of a cell site and how it relates to cell phone records did not constitute expert testimony); Bonded Inv. & Realty Co. v. Waksman, 437 So. 2d 162, 164 (Fla. 2d DCA 1983) (holding witness's testimony on what

10

steps had been taken in preparation of construction did not constitute an expert opinion).

Officer Hernandez's testimony served the function to show that the approved machine had been tested and inspected. State v. Belvin, 986 So. 2d 516, 519 (Fla. 2008) ("In order to introduce breath test results as evidence in a DUI prosecution, the State must first present evidence that the test was performed substantially in accordance with approved methods, that is, by a person trained and qualified to conduct it, on an approved machine that has been tested and inspected."). It also was necessary to authenticate numerous documents. See §§ 90.803(8), Fla. Stat. (2024); 316.1934(5), Fla. Stat. (2024); Fla. Admin. Code R. 11D-8.006.

**III.**

Since Officer Hernandez did not provide expert testimony, he was properly disclosed as a lay witness. There was no discovery violation that warranted a Richardson hearing. The trial court correctly identified the nature of the testimony and its corresponding duties. Thus, the trial court did not err.

Affirmed.