PER CURIAM.
The appellant was found and adjudged guilty of robbery on trial without a jury before the criminal court of record of Dade County. Appealing therefrom he contends the evidence was insufficient to support the judgment, and that the trial court erred in failing to exclude the testimony of three witnesses presented by the state who had not been disclosed in advance as required under Rule 1.220(e) CrPR, 33 F.S.A.
Under the rule, pursuant to request of defendant the prosecution was required to furnish to the defendant a list of all witnesses known to the prosecuting attorney to have information which may be relevant *781 to the offense charged, and to any defense of the person charged with respect thereto. The rule required that such list be furnished by the prosecuting attorney within five days after receipt by him of the defendant’s offer to furnish to the prosecuting attorney his list of prospective witnesses with their addresses.
During the trial the state presented three witnesses that had not been so listed, who testified with reference to a material issue in the trial, relating to the defendant’s mental condition bearing on his capacity to form an intent which was a material element of the offense.
In the recent case of Richardson v. State, Fla.1971, 246 So.2d 771 in referring to failure of the state to comply with this rule, the Supreme Court said: “[W]e hold that the violation of a rule of procedure prescribed by this court does not call for reversal of a conviction unless the record discloses that non-compliance with the rule resulted in prejudice or harm to the defendant.” Further in that case the Court said: “The trial court has discretion to determine whether the non-compliance would result in harm or prejudice to the defendant, but the court’s discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances.” With reference to the latter feature the Supreme Court quoted with approval certain procedures or guide lines set out in Ramirez v. State, Fla.App.1970, 241 So.2d 744. Included therein was the statement that in instances where the trial court permits such an undisclosed state witness to testify upon determining that failure to list or disclose the witness as required by the rule has not operated to prejudice the ability of the defendant to properly prepare for trial, it is essential that the circumstances establishing non-prejudice to the defendant affirmatively appear in the record.
The record in this case fails to disclose that the trial court made full inquiry into the circumstances relating to the state’s non-compliance with the rule. The ground upon which the court overruled the defendant’s objection to allowing such witnesses to testify was that defendant’s counsel had not objected to the witnesses when they had appeared with other witnesses and been sworn as a group at the outset of the trial. In opposition to that position of the trial court the defendant’s attorney argued at trial that just because numerous witnesses were sworn in a group prior to commencement of the trial did not mean that the state necessarily was to call each and every one of them, for which reason an objection at that time would have been premature, and moreover that the proper time for objection to the appearance of such a witness was when he was presented at the trial for testimony.
In addition, the trial court offered to call a recess in order to allow defendant’s counsel time to interview those witnesses. Defendant’s counsel insisted that was inadequate, saying: “I don’t think I could do it in the middle of a trial, start talking to witnesses. This may require a totally new prospective on the case.” The defendant’s counsel further stated at trial that the state had had plenty of time to comply with the rule relating to such witnesses, and that the defendant had a right to insist on the requirements of the rule.
We are impelled to agree with the position taken on behalf of the appellant that the testimony given by the witnesses in question was material on an issue upon which the defendant was relying for defense, and that the record here does not meet the requirement of Richardson v. State, supra, that “the circumstances establishing non-prejudice to the defendant affirmatively appear in the record.”
For the reasons stated the judgment is reversed and the cause is remanded for new trial.