WIGGINTON, Judge.
Appellant was indicted, tried and convicted for the offense of rape. He seeks reversal of his conviction and sentence on the ground that the court erred in admitting into evidence over his timely objection a pair of sunglasses found at the scene of the alleged rape, which error prejudiced him in his defense and deprived him of due process of law.
During the pretrial stages of this case appellant filed a motion for discovery pursuant to Rule 1.220(b), Rules of Criminal Procedure, 33 F.S.A., demanding that the State produce for his examination all tangible things of whatever kind or nature possessed by it which had a relationship to the prosecution against him. Before the *392 motion was called up for hearing before the court, but in response thereto, appellee voluntarily filed a statement averring that the victim’s clothing was being held in the custody, control, and possession of Officer Walter Hilliard where it might be inspected by appellant at his convenience. The response did not disclose any other tangible property or thing possessed by the State which had any relationship to this case.
At the trial the victim and her sister both testified that appellant was the person who committed the rape as charged in the indictment. They both testified that during the course of the evening when they were in appellant’s company and before the rape occurred, appellant was wearing a pair of sunglasses. Other witnesses testified that the person who accompanied the victim during the evening was wearing sunglasses although they could not identify appellant as the victim’s companion. There was no other direct evidence to connect appellant with the crime other than the testimony of the victim and her sister. While presenting its case in chief, appellee brought to the witness stand a police officer who testified that on the morning following the rape he examined the ground where the assault allegedly occurred and there found a pair of sunglasses which he identified and which were then offered in evidence. The proffer of this evidence was objected to by appellant on the ground that the State had failed or refused to submit it to him for his examination pursuant to his motion for discovery filed in advance of the trial. Appellant’s objection was overruled and the sunglasses were admitted in evidence.
Appellant’s sole defense was one of alibi. He and his witnesses testified as to his activities during the time period when the rape allegedly occurred, so the critical question to be decided by the jury was one of identity. It cannot.be reasonably disputed that, in view of the defense interposed by appellant, the introduction in evidence of the sunglasses found by the police officer at the scene of the alleged crime was a critical item of evidence tending to identify appellant as the criminal and tending to corroborate the identification testimony of the victim and her sister.
Appellee takes the position that the failure of the state attorney to produce and submit the sunglasses for appellant’s examination in response to the latter’s pretrial motion for discovery is immaterial because no order was entered by the court requiring that such disclosure be made. It is admitted, however, that the state attorney voluntarily filed his written response to appellant’s motion to produce before the motion was called up for hearing before the court. By his response the state attorney purported to produce for appellant’s examination all tangible objects in his possession which were connected with the charge against appellant as required by the rule. We reject appellee’s contention and hold that when the state attorney voluntarily filed his response to appellant’s motion to produce, the State was bound by the rules of discovery and required to fully comply with the letter, spirit and intent thereof, even though no compulsory order to do so had been entered by the court. Any failure in this respect subjected the State to the same penalties as would have been applicable had it responded to appellant’s motion pursuant to an order of the court.
Why the State failed or refused to disclose its possession of the sunglasses to appellant in response to his motion for discovery does not appear from the record. It well may be that such nondisclosure was the result of inadvertence, oversight, or error on the part of the law enforcement officers or the prosecuting attorney. The fact remains, however, that the evidence so withheld was a critical item of proof in the case, and its reception into evidence during the trial could have had no effect other than to surprise defendant in the conduct of his defense and present a factual issue which he was unprepared to meet.
*393 In the case of State v. Pitts and Lee[1] the defendants charged with murder made a pretrial demand upon the law enforcement officers to produce for their examination all written statements theretofore made by any witnesses whom the State intended to call during the trial. One State witness had given several written statements, one of which tended to exculpate the defendant Lee but which statement was later repudiated and supplemented by a statement which incriminated both Lee and his codefendant Pitts. Through inadvertence or oversight, the repudiated statement of the witness was not exhibited to defendants for their examination prior to the trial as were the remaining statements of this witness as well as the statements of other witnesses whom the State expected to call to testify in the case. Although the defendants Pitts and Lee both pleaded guilty prior to trial and under oath in open court recounted in detail the events leading up to the murders which they committed, they nevertheless later sought to have their judgments of conviction set aside on the ground, among others, that the State had failed to disclose to them the one repudiated statement of one of the State witnesses which, if believed, would tend to exculpate the defendant Lee. This court rejected the contention advanced by appellants on the basis of the settled law prevailing in this state and in the federal jurisdiction.[2]
When this court’s decision was the subject of review by the Supreme Court of Florida, the Attorney General of this state filed in the case before that court a pleading entitled “Motion in Confession of Error”. By this pleading the Attorney General took the position that despite the defendants’ plea of guilty and free and voluntary confessions in open court of their implication in the crime with which they were charged, nevertheless their constitutional rights to due process of law had been violated by the State when it failed to produce the one repudiated statement by a single witness on whose testimony the State intended to rely at the trial. Without considering the merits of the case, or even permitting an opportunity of a hearing, the Supreme Court accepted the position taken by the Attorney General and directed that the judgments of conviction and sentence rendered against Pitts and Lee be vacated and they be granted a new trial.[3]
On the basis of the position taken by the Attorney General of Florida in the Pitts and Lee case discussed above, and the acceptance of that position by the Supreme Court in its decision awarding a new trial, we hold that appellant’s right to due process was violated in the case sub judice when the State failed to produce in response to appellant’s motion for discovery the sunglasses found at the scene of the rape, which article was being held as an item to be introduced in evidence against him at the trial.[4] The judgment appealed is reversed and the cause remanded for a new trial.
SPECTOR, C. J., and CARROLL, DONALD K., J., concur.

. State v. Pitts and Lee, (Fla.App.1970) 241 So.2d 399.

. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) ; Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

. Pitts and Lee v. State, (Fla.1971) 247 So.2d 53.

. See also Richardson v. State, (Fla.1971) 246 So.2d 771; Ramirez v. State, (Fla.App.1970) 241 So.2d 744.