PER CURIAM.
The defendant, Pablo Montes Garcia, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of aggravated assault.
One of the grounds argued by appellant for reversal is that the trial court erred in admitting into evidence a shirt worn by the victim and not listed on the state’s bill of particulars nor made known to the defendant until it was offered into evidence.
Appellant had made a timely motion for a statement of particulars and for discovery but the shirt was not listed as evidence to be used by the state.
*576 We have carefully considered the point in the light of the record on appeal and have concluded that the trial court erred in overruling defendant’s objections to the admission of the shirt into evidence and that its admission was so prejudicial as to entitle the defendant to a new trial. It further appears that the trial court failed to make sufficient inquiry as to why the disclosure was not made, the prejudice to the other party, and the steps which may be taken, if any, to mitigate such prejudice. See: Ramirez v. State, Fla.App. 1970, 241 So.2d 744 and Cunningham v. State, Fla.App.1971, 254 So.2d 391. See also: Richardson v. State, Fla.1971, 246 So.2d 771, 774-776; and Williams v. State, Fla.App. 1972, 264 So.2d 106, 108.
The judgment appealed is reversed with directions to grant the defendant a new trial.
It is so ordered.