291 So.2d 661 (1974)
Joe WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 73-678.
District Court of Appeal of Florida, Fourth District.
March 8, 1974.
Rehearing Denied April 9, 1974.
*662 Michael G. Widoff, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons and Thomas M. Carney, Asst. Attys. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
This appeal involves what we consider to be a violation of the provisions of the notice of alibi rule 3.200, RCrP, 33 F.S.A.
Appellant was charged and convicted for the sale of heroin. In accordance with the provisions of criminal procedure rule 3.200, the state filed a demand for notice of alibi. Some eleven days prior to trial appellant filed and served upon the prosecuting attorney his notice of alibi stating that at the time of the alleged offense he was in the company of Joyce Jones and two other named witnesses at a Lum's Restaurant. The notice further requested the state to produce a list of its witnesses in rebuttal to this alibi.
On Friday, April 6, 1973, the state deposed the three alibi witnesses and learned that the restaurant was not Lum's but an International House of Pancakes. In her deposition Joyce Jones declared she worked at said restaurant; that appellant and the other two named witnesses were eating at the restaurant at the crucial time; that she waited on them; and that appellant paid a certain sum for the meal. Armed with that information the state on the same day contracted the lawyer for the restaurant and determined Joyce Jones's employment status as of November 22, 1972, the date of the offense in question.
Trial commenced Monday, April 9, 1973. Toward the end of that day Joyce Jones and the other two witnesses testified on behalf of appellant relative to the alibi. At the close of the day's proceedings appellant announced he was ready to rest. The prosecution announced it would have one rebuttal witness "tomorrow morning." The following morning, April 10, 1973, the prosecutor proffered the rebuttal testimony, which (supported by business records) showed that Joyce Jones did not work at the restaurant at the time in question. This evidence (admitted over appellant's strenuous objections) totally obliterated appellant's alibi.
Rule 3.200, RCrP is a part of the general discovery rules incorporated into the criminal procedure of this state. Like all discovery, it is reciprocal, affording the state and defendant alike an opportunity to eliminate surprise and lessens the opportunity for manufactured false alibis. Like all discovery procedures, fairness is the watchword. Williams v. Florida, 399 U.S. 78, 82, 90 S.Ct. 1893, 1896, 26 L.Ed.2d 446 (1970); Wardius v. Oregon, 412 U.S. 470, 93 S.Ct. 2208, 2211, 37 L.Ed.2d 82 (1973). The rule mandates that each party is under a continuing duty to disclose the names and addresses of additional witnesses. On this record we are convinced that the prosecutor had sufficient knowledge concerning the rebuttal evidence before appellant's alibi witnesses took the stand to require him to apprize appellant thereof. The letter and spirit of the rule demand no less. The trial judge found there was good cause shown for the state's failure to comply with the rule. We disagree.
Were the evidence of guilt otherwise overwhelming, the harmless error statute (§ 59.041, F.S. 1971, F.S.A.) might be applicable. However, our review of the record leaves us unable to say that the *663 disparaging effect of the rebuttal testimony was harmless.
Accordingly, the judgment and sentence are reversed and the cause is remanded for a new trial.
WALDEN and CROSS, JJ., concur.