319 So.2d 14 (1975)
Ruvel SMITH, Petitioner,
v.
The STATE of Florida, Respondent.
No. 45479.
Supreme Court of Florida.
July 24, 1975.
Rehearing Denied October 17, 1975.
*15 Phillip A. Hubbart, Public Defender, and Kathleen Gallagher, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Stephen V. Rosin, Asst. Atty. Gen., for respondent.
BOYD, Justice.
This cause is before us on a petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, reported at 292 So.2d 400. Our jurisdiction is based upon conflict[1] between the per curiam decision sought to be reviewed and Richardson v. State[2] and Watson v. State.[3]
The facts of the case are as follows.
On August 18, 1971, Petitioner was informed against by information on the following four counts: entering without breaking, robbery, breaking and entering, and assault with intent to commit a felony. He was arraigned and entered a plea of not guilty on September 15, 1971. A demand for notice of intent to rely upon alibi was filed by Respondent; thereupon, in accord with Rule 3.200, Rules of Criminal Procedure, Petitioner filed notice of alibi with the court, which notice specified his alternative location at the exact date and time of the alleged robbery and denominated witnesses who could attest to it. In accordance with Rule 3.200 and pursuant to Petitioner's continuing duty to disclose, Petitioner filed a supplementary notice which included the names and addresses of additional witnesses. Thereafter, Petitioner moved for discovery pursuant to Rule 3.220, Rules of Criminal Procedure, which motion included a prayer for all tangible evidence to be used against him.
At trial, Petitioner's witness testified that he was in Verrick Park between 5:00 p.m. and 8:30 p.m. on the evening of the crime (which occurred at 8:00); further, he testified that Petitioner made an hourlong phone call from the office of Robert Hall in Verrick Park commencing between 7:00 p.m. and 7:30 p.m., which would have made it impossible for Petitioner to have committed the crimes charged. At the close of Petitioner's case, the court asked Respondent for rebuttal testimony; *16 at that time, Respondent first indicated the existence of such a rebuttal witness. Not only did counsel for the defense inquire as to who was being called, the Court itself indicated it was uninformed, and Respondent's counsel remarked "you'll find that out when I call her, Judge." Thereupon, one Norma Campbell was called and testified as a rebuttal witness (Respondent introducing a document to be marked as Exhibit 1-A). Ms. Campbell testified that Robert Hall's office closed at 7:00 p.m. on the date in question; a time sheet was introduced into evidence substantiating her testimony. This testimony and evidence directly refuted Petitioner's claim that he was in Robert Hall's office making a phone call at the time of the charged crimes and devastated his alibi defense totally.
The jury returned a verdict of guilty, and Petitioner was sentenced to serve five years on count I, thirty years on count II, twenty years on count III, and fifteen years on count IV, all sentences to run consecutively. On appeal, the District Court of Appeal affirmed per curiam, on authority of Richardson, supra; Williams v. Florida;[4]Neil v. Biggers;[5]United States v. Ash;[6] and Rule 3.200, Rules of Criminal Procedure. Petitioner brings certiorari on the basis of conflict with Richardson and Watson, supra.
In his brief, Petitioner relies on Williams, supra, which upheld the constitutionality of Florida's requirement of notice of alibi. In that case the court noted that failure to provide reciprocal discovery to the defense might impair the constitutionality of such a rule. Accordingly, the U.S. Supreme Court in Wardius v. Oregon,[7] discussed the holding in Williams, supra, and held that discovery must be a two-way street and that it would be unfair to require a defendant to divulge the details of his own case while at the same time submitting him to the hazards of surprise concerning refutation of the very pieces of evidence which he disclosed to the state. Therefore, Petitioner contends that failure of the prosecution to comply with the reciprocal provisions of Rule 3.200 was a denial of due process. Petitioner argues that admission over objection of surprise rebuttal testimony impaired his ability to adequately prepare his defense and was highly prejudicial to his right to a fair trial.[8] Petitioner relies upon Rule 3.200, Rules of Criminal Procedure, noting that it provides for notice of rebuttal alibi, plus the names and addresses of those witnesses which the state proposes to offer in rebuttal to defendant's alibi. Petitioner notes the broad discretion that rests with the trial judge as to the requirements of the Rule, which requirements may be waived where good cause is shown. Petitioner asserts that the state's failure to comply with its statutory duties to disclose abrogated its right to use the rebuttal alibi testimony, particularly since it failed to display a good cause for its noncompliance with the duties as required under Rule 3.200, Rules of Criminal Procedure.[9] Furthermore, Petitioner notes that he sought discovery pursuant to Rule 3.220, Rules of Criminal Procedure, and that the rebuttal witness' name was not included in the state's witness list sent him. Petitioner maintains that the record is devoid of any good faith attempts by the state to comply with their continuing duty to disclose. He also protests that the court never inquired into circumstances surrounding nondisclosure, and merely overruled his defense counsel's objection; he considers this to be an abuse of discretion. Petitioner points out that the testimony under *17 consideration was used to refute his own alibi defense and was critical to the identity question, resulting in a tremendous prejudice to his case.
Respondent answers that, although once activated, Rules 3.200 and 3.220, Rules of Criminal Procedure, are mandatory in their requirement that the prosecuting attorney disclose to the defendant the existence of witnesses and other evidence which are relevant to the offense charged or any defense with respect thereto, including an alibi defense, these rules are discretionary in requiring the trial court to exclude a witness or evidence not so disclosed. Respondent observes there are various sanctions other than exclusion which the trial court may impose if it chooses to do so. Respondent asserts that the decision of whether or not to exclude the unlisted prosecution alibi rebuttal witness and tangible evidence sub judice rested entirely within the discretion of the trial court.[10]
While the notice-of-alibi rule was never intended to provide a defendant with a procedural device to escape justice,[11] this Court stated, inter alia, in Richardson:
"... [I]f it is evident from the record that the non-compliance with the Rule by the State resulted in harm or prejudice to a defendant through failure to furnish the names of witnesses, and such witnesses were permitted to testify in behalf of the State, or if it should affirmatively appear that the State failed to furnish to the defendant the name of a witness known to the State to have information relevant to the offense charged against the defendant, or to any defense of the defendant with respect thereto, and the latter situation resulted in harm or prejudice to the defendant, an appellate court reviewing his conviction must reverse. The trial court has discretion to determine whether the non-compliance would result in harm or prejudice to the defendant, but the court's discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances... ." (Emphasis supplied)[12]
It is our view that, where the trial court fails to make full inquiry into circumstances relating to the state's calling a witness whose name was not supplied to the defendant and where that witness testified as to a material issue, refusal by the trial court to exclude the testimony by the surprise witness is reversible error.[13] As was stated in Watson, supra:
"Rule 3.200, RCrP is a part of the general discovery rules incorporated into the criminal procedure of this state. Like all discovery, it is reciprocal, affording the state and defendant alike an opportunity to eliminate surprise and lessens the opportunity for manufactured false alibis. Like all discovery procedures, fairness is the watchword.... The rule mandates that each party is under a continuing duty to disclose the names and addresses of additional witnesses. On this record we are convinced that the prosecutor had sufficient knowledge concerning the rebuttal evidence before appellant's alibi witnesses took the stand to require him to apprize appellant thereof. The letter and spirit of the rule demand no less... ."[14]
Under the rationale of Richardson, supra, it is not the function of this Court to determine whether prejudice had *18 resulted to Petitioner by the State's failure to advise him that Norma Campbell would be a witness against him; however, it was incumbent upon the trial judge to do so. The trial judge having failed to make proper inquiry, this cause must be reversed. In light of our holding on this issue, the remaining points presented by Petitioner need not be discussed.
Accordingly, the decision of the District Court of Appeal, Third District, is quashed and the cause remanded with directions that a new trial be held.
It is so ordered.
ADKINS, C.J., and McCAIN, OVERTON and DREW (Retired), JJ., concur.
ROBERTS, J., and MELTON, Circuit Judge, dissent.
NOTES
[1] Article V, Section 3(b)(3), Florida Constitution.
[2] 246 So.2d 771 (Fla. 1971).
[3] 291 So.2d 661 (Fla.App. 1974).
[4] 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).
[5] 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
[6] 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973).
[7] 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973).
[8] Ramirez v. State, 241 So.2d 744 (Fla.App. 1970).
[9] Cf. Watson v. State, supra, see Note 3.
[10] Ramirez v. State, supra, see Note 8.
[11] Id. at 746.
[12] Richardson v. State, supra, see Note 2 at pp. 774-775.
[13] Salamone v. State, 247 So.2d 780 (Fla. App. 1971); Carnivale v. State, 271 So.2d 793 (Fla.App. 1973), cert. den., Fla., 277 So.2d 534; cf. Garcia v. State, 268 So.2d 575 (Fla.App. 1972) cert. den., Fla., 273 So.2d 81.
[14] Watson v. State, supra, see Note 3 at p. 662.