378 So.2d 1309 (1980)
Melvin BOYNTON, a/K/a Freddy Boynton, Appellant,
v.
STATE of Florida, Appellee.
No. NN-132.
District Court of Appeal of Florida, First District.
January 4, 1980.
Rehearing Denied February 4, 1980.
Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Appellant brings this appeal from his conviction of first degree murder and raises *1310 several points. We find two that present reversible error.
These reversing points relate to failure of the prosecution, after proper demand, to comply with the rules of criminal procedure by (1) failing to disclose the name of the witness, Bill Pheil, who testified over defense counsel's objection, and (2) failing to disclose the substance of the testimony of the witness, Linda Pryor, whose testimony was allowed over objection.
The trial court had discretion to determine whether the non-compliance with Florida Rule of Criminal Procedure 3.220 would have resulted in harm or prejudice to the appellant. However, the trial court's exercise of discretion could only have been made after the court had made an adequate inquiry into all the surrounding circumstances. If the court had then determined the non-compliance had not prejudiced defendant's ability to properly prepare for trial, the circumstances establishing non-prejudice must have affirmatively appeared in the record. See Richardson v. State, 246 So.2d 771 (Fla. 1971).
Here, the inquiry as to the failure to furnish the name of witness Bill Pheil was inadequate in extent as it dealt with the late notification of the witness' name and the substance of his testimony. No inquiry was made into the effect of the breach on the preparation of the defendant's case. No finding was made that the preparation of the appellant's defense was not prejudiced.
Here, the prosecutor informed defense counsel that Linda Pryor would be a state witness. The prosecutor failed to disclose the substance of witness Linda Pryor's testimony. He also failed to disclose that Linda Pryor would testify to numerous oral statements attributed to appellant.
A "Richardson inquiry" should have been made in each case to assess the impact the respective non-disclosures had on the ability of the appellant to prepare for trial.
Where such a "Richardson inquiry" is not made, no appellate court can be certain errors of this type are harmless. An appellate court cannot now review the cold record and determine that the error is harmless. McClellan v. State, 359 So.2d 869 (Fla. App. 1st DCA 1978).
We reverse and remand for a new trial.
McCORD and LARRY G. SMITH, JJ., concur.