BARKDULL, Judge.
The appellant, having been informed against for the crimes of robbery and unlawful possession of a firearm while engaged in a criminal offense, filed notice of alibi and had, prior to trial (pursuant to Fla.R.Cr.P. 3.200) filed a motion to compel the State to furnish him with a list of rebuttal witnesses.
At the time of trial, the appellant’s alibi was that at the time of the criminal offense (February 11,1976) he was home participating in a party being given in his honor. His only alibi witness was Alberta Stanley, who testified that she arrived at home at approximately 3:30 P.M., having gotten off work at approximately 3:15 P.M. from North Dade Hospital, and that there was a party on February 11, 1976 for the defendant. The evidence had previously indicated that the robbery occurred at approximately 3:30 P.M.
After the defense rested, the State, in rebuttal, called Jiminez Suarez as a witness. Suarez testified that he was records custodian at North Dade Hospital and, on February 11, 1976, Ms. Stanley did not work there. Defense counsel objected to any rebuttal testimony on the ground that the State had failed to comply with the demand for a list of rebuttal witnesses. Fla.R.Cr.P. 3.200 provides that the State shall file the names of witnesses the State proposes to offer in rebuttal to discredit the defendant’s alibi at the trial of the cause. The prosecutor argued, however, that the witness he desired to call [Suarez] would not rebut Hicks’ alibi that he was at the party, but would, rather, question Ms. Stanley’s credibility. The trial judge examined Fla. R.Cr.P. 3.200 and permitted the prosecution to call the witness, but indicated that he would be careful to exclude any testimony that went directly to the defendant’s alibi as opposed to the credibility of the alibi witness. In denying defense counsel’s motion for mistrial, the court reasoned:
“The defendant’s alibi was that he was at his mother’s house at a party. As proof of that, his sister testified that she was at the house after work. Her testimony was that she got off from work at North Dade Hospital and came there immediately following her shift and found the defendant there. The testimony in rebuttal is that she did not work at North Dade Hospital, not that she was not at her mother’s house. That would go directly to the alibi. She was not working at North Dade. It impeaches the witness’ credibility. Your motion is denied.”
We affirm. Suarez’ testimony was evidence to impeach the credibility of Alberta Stanley and did not impeach the alibi per se. The trial judge was correct in permit *1344 ting the introduction of this evidence, notwithstanding the fact that Suarez had not been listed as a rebuttal witness. People v. Gillman, 66 Mich.App. 419, 239 N.W.2d 396 (1976); State v. Howard, 56 Ohio St.2d 328, 383 N.E.2d 912 (1978).
Therefore, the convictions, adjudications of guilt, and sentences here under review be and the same are hereby affirmed.
Affirmed.