400 So.2d 955 (1981)
Richard HICKS, Petitioner,
v.
STATE of Florida, Respondent.
No. 58786.
Supreme Court of Florida.
June 25, 1981.
Bennett H. Brummer, Public Defender, and Peter Raben, Asst. Public Defender, Miami, for petitioner.
Jim Smith, Atty. Gen., Steven L. Bolotin and Anthony C. Musto, Asst. Atty. Gen., Miami, for respondent.
McDONALD, Justice.
This cause is before us on petition to review a district court decision affirming Hicks' conviction of two counts of robbery and one count of unlawful possession of a firearm while engaged in a criminal offense.[1] Our jurisdiction is based on conflict between that decision and Smith v. State, 319 So.2d 14 (Fla. 1975), and Watson v. State, 291 So.2d 661 (Fla. 4th DCA 1974). Art. V, § 3(b)(3), Fla. Const. (1972). We quash the instant district court decision.
Before his jury trial, Hicks filed both a notice of alibi and a motion to compel the state to furnish a list of rebuttal witnesses. See Fla.R.Crim.P. 3.200. At trial Hicks' alibi was that at 3:30 p.m. on February 11, 1976 (the time of the offense), he was at his mother's home at a party given in his honor. Albertha Stanley, his sister and only alibi witness, testified that after her shift at North Dade Hospital she immediately went to her mother's home and found Hicks there at 3:30 p.m.
The state, in rebuttal, called the records custodian at North Dade Hospital who testified that Ms. Stanley did not work at the hospital on February 11, 1976. Hicks objected to the records custodian's testimony because the custodian was not listed by the state as an alibi-rebuttal witness under rule 3.200.
Allowing the testimony, the court drew a distinction between testimony that directly rebuts a defendant's alibi and testimony which discredits an alibi witness. The court held that the latter testimony does not come within the disclosure provision of rule 3.200. On appeal, the district court affirmed, finding that testimony impeaching the credibility of Hicks' witness did not directly rebut his alibi.
On almost identical facts, the Fourth District Court reached the opposite conclusion in Watson. In Smith, although the rebuttal witness's testimony went directly to the alibi, this Court recited the Watson court's rationale:

*956 "Rule 3.200, RCrP is a part of the general discovery rules incorporated into the criminal procedure of this state. Like all discovery, it is reciprocal, affording the state and defendant alike an opportunity to eliminate surprise and lessens the opportunity for manufactured false alibis. Like all discovery procedures, fairness is the watchword.... The rule mandates that each party is under a continuing duty to disclose the names and addresses of additional witnesses... ."
319 So.2d at 17. Discovery has been adopted as part of our procedural rules to improve our system of justice. It is a tool intended, inter alia, to abolish the tactical element of surprise in our adversary trial process. Dodson v. Persell, 390 So.2d 704, 706 (Fla. 1980).
In our view the distinction sought to be made by the Third District Court of Appeal is invalid. Interpreting Federal Rule of Criminal Procedure 12.1,[2] the Fifth Circuit Court of Appeals in United States v. Myers, 550 F.2d 1036 (5th Cir.1977), held that such a distinction thwarts the rule's purpose of making criminal trials fairer.
Rule 3.200 applies to all witnesses of whom the prosecutor knows or reasonably should know. It embraces those witnesses called to rebut the alibi, as well as those witnesses called to impeach the testimony of the alibi witness.
We therefore quash the district court's decision with instructions to remand this cause for proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON and ENGLAND, JJ., concur.
ALDERMAN, J., dissents with an opinion.
ALDERMAN, Justice, dissenting.
I would deny review of the district court decision because it does not conflict with Smith v. State, 319 So.2d 14 (Fla. 1975), and Watson v. State, 291 So.2d 661 (Fla. 4th DCA 1974), and we are therefore without jurisdiction to decide this case on the merits. The district court, in this case of first impression, held that because the testimony of the witness, who did not appear on the State's list of rebuttal witnesses, impeached the credibility of defendant's alibi witness and not the alibi itself, the trial court was correct in permitting its introduction.
Both Smith and Watson deal with witnesses who directly rebutted the alibi, not with witnesses who impeached the credibility of alibi witnesses. In Smith, the testimony of the rebuttal witness, whose name had not been supplied to defendant, directly refuted defendant's claim that he was at a certain designated place making a phone call at the time of the charged crimes. Likewise, in Watson, the testimony of the rebuttal witness "totally obliterated appellant's alibi." 291 So.2d at 662.
NOTES
[1] Hicks v. State, 378 So.2d 1342 (Fla.3d DCA 1980).
[2] This rule is almost identical to Fla.R.Crim.P. 3.200.