402 So.2d 1233 (1981)
Bradford Glenn McDONNOUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1381.
District Court of Appeal of Florida, Fifth District.
July 29, 1981.
Rehearing Denied September 2, 1981.
*1234 James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Barbara Ann Butler, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Appellant McDonnough was tried and convicted of aggravated battery[1] and robbery.[2] He appeals the judgment. Of the points raised on appeal, we find merit in a portion of one point and will confine our opinion to that partial point.
In conformity with Florida Rule of Criminal Procedure 3.200 (1980), McDonnough filed a Notice of Intention To Claim Alibi more than ten days prior to trial. During the trial, the state gave the defense a copy of the statement of police officer Brent Papania and notified the defense that the state would be using that officer's testimony to rebut McDonnough's alibi. Contrary to Florida Rule of Criminal Procedure 3.220 (1980), the state had never supplied Papania's name to the defense on a witness list.
Prior to Papania taking the stand, defense counsel objected to the witness testifying since his name had not been listed on the state's witness list. The prosecutor argued that since he had given a copy of Papania's statement to the defense earlier in the trial, the defense was not surprised and, therefore, not prejudiced by the state's failure to comply with the criminal rules of procedure. Based upon this short argument, and without the making of any findings, the trial court allowed Papania to testify.
If it is brought to the attention of the trial court that a party has failed to comply with the criminal rules of procedure, then the trial court may exercise its discretion in determining whether the non-compliance would prejudice the defendant. However, the court's discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. Richardson v. State, 246 So.2d 771, 775 (Fla. 1971). Such an inquiry should at least cover the questions as to whether the violation was inadvertent or willful, whether the violation is trivial or substantial, and what effect if any the violation had upon the ability of the other party to prepare for trial. Richardson at 775. See State v. Snell, 391 So.2d 299, 300 (Fla. 5th DCA 1980).
If the trial court does not hold an adequate Richardson hearing, the appellate *1235 court cannot apply the doctrine of harmless error. Brey v. State, 382 So.2d 395 (Fla. 4th DCA 1980); Boynton v. State, 378 So.2d 1309 (Fla. 1st DCA), cert. denied, 386 So.2d 642 (Fla. 1980). Nor can the appellate court order a post-trial Richardson hearing. Smith v. State, 372 So.2d 86 (Fla. 1979); Miller v. State, 373 So.2d 377 (Fla. 2d DCA 1979).
The rules of criminal procedure requiring disclosure of witnesses apply to all witnesses including rebuttal witnesses. Hicks v. State, 400 So.2d 955 (Fla. 1981); Miller v. State, 389 So.2d 1210 (Fla. 1st DCA 1980); Miller v. State, 373 So.2d 377 (Fla.2d DCA 1979).
In the case at hand, the inquiry into the state's failure to provide Papania's name on a witness list was insufficient to meet the requirements of Richardson. In view of the precedential cases cited above, we are compelled to reverse the judgment and remand this case for a new trial.
REVERSED and REMANDED.
SHARP and COWART, JJ., concur.
NOTES
[1] § 784.045, Fla. Stat. (1979).
[2] § 812.13(2)(b), Fla. Stat. (1979).