COBB, Judge.
The defendant, J. C. Miller, appeals his conviction of issuing a worthless check on the basis of the failure of the trial judge to conduct an adequate Richardson[1] inquiry following a timely objection to the testimony of an unlisted rebuttal witness for the state.
At trial Thomas Crabtree, the owner of an automobile repair shop, testified that he had worked on Miller’s car, and that Miller had paid him by the check in question. Crabtree stated that he deposited Miller’s check, and it was returned by Miller’s bank with the notation “Account Closed.” An assistant cashier at the bank upon which the check was drawn testified that the account had been closed by the bank on May 25, 1978, “for carrying and [sic] overdraft as a result of insufficient fund charges.”
Miller’s defense was that he did not issue the check. He denied it was his signature on the check. He further testified that while he in fact went to Crabtree’s garage for an estimate, his car was never repaired there. Miller further denied presenting any check to Crabtree and stated that he had not written any checks on the particular account since May of 1978, the month the account was closed. As impeachment, the state confronted Miller with several checks drawn on the account that were dated with the year 1979. Miller denied having drawn them.
To rebut Miller’s testimony, the state called John Bradley, an investigator for the Putnam County State Attorney. The defense objected that Bradley had not been listed by the state in its discovery responses. This objection was summarily overruled. Bradley then testified that Miller had talked with him voluntarily on at least two occasions, and that Miller had told him that he, Miller, had issued the check in question to Crabtree, the complainant. Bradley testified that Miller told him he was dissatisfied with the work Crabtree had performed on his car.
The record shows that the state failed to include the name of witness Bradley in its discovery documents. The record also shows that defense counsel timely objected to the state’s use of Bradley in rebuttal. The rules of criminal procedure requiring disclosure of witnesses apply to all witnesses, including rebuttal witnesses. Hicks v. State, 400 So.2d 955 (Fla.1981); Kilpatrick v. State, 376 So.2d 386 (Fla.1979); McDonnough v. State, 402 So.2d 1233 (Fla. 5th DCA 1981). The trial court made no inquiry into the circumstances surrounding the discovery violation, nor did it even attempt to ascertain whether Miller had been prejudiced by the state’s omission. Because the record does not affirmatively show that Miller was not prejudiced by Bradley’s testimony,[2] the trial court committed reversible error by summarily overruling defense counsel’s objection. Wilcox v. State, 367 So.2d 1020 (Fla.1979); Cumbie v. State, 345 So.2d 1061 (Fla.1977); Smith v. State, 319 So.2d 14 (Fla.1975); Richardson v. State, 246 So.2d 771 (Fla.1971); McDonnough; *621 Hardison v. State, 341 So.2d 270 (Fla. 2d DCA), cert. denied, 348 So.2d 953 (Fla.1977).
The state argues that Zeigler v. State, 402 So.2d 365 (Fla.1981), requires counsel to do more than object to the inclusion of a witness who was not disclosed during discovery. More specifically, the state argues that defense counsel is required to ask for something less than outright exclusion when the trial court overrules an objection and request for exclusion of a witness. The state’s position is that Miller waived his discovery rights by “simply objecting and not asking for a more specific remedy.” In Zeigler the defendant objected to the testimony of an expert witness. The witness had conducted tests which were not disclosed to the defense. The Zeigler court held that the trial court had taken sufficient steps to remedy any prejudice by granting defense counsel’s request for a recess and allowing counsel to interview the witness for the amount of time requested by counsel.
Unlike the present case, the trial court in Zeigler remedied any prejudice to the defendant resulting from the state’s action. Zeigler did not change the rule of law established by the numerous cases previously cited that stand for the proposition that once an objection is made, an inquiry must be had, prejudice or its absence determined, and a proper remedy or sanction fashioned, if need be. The present case is also distinguishable from Lucas v. State, 376 So.2d 1149 (Fla.1979), wherein defense counsel did not object to a surprise rebuttal witness, and instead merely informed the judge that the witness was not on the state’s witness list. In the present case, Miller’s counsel clearly objected.
REVERSED and REMANDED for new trial.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. Bradley’s testimony was in fact devastating to Miller’s defense. Before Bradley’s testimony, the state had proved its case only circumstantially. Bradley’s testimony rebutted Miller’s statements that (1) he did not get his car repaired by Crabtree; and (2) he did not issue or present the particular check to Crabtree.