COBB, Judge.
Moore’s counsel timely objected to and apprised the trial court of the state’s use of an expert witness whose name did not appear on the state’s witness list. Without conducting any inquiry as required by Richardson v. State, 246 So.2d 771 (Fla.1971), the trial court overruled the objection and permitted the witness to testify. Because it failed to inquire whether the discovery violation was trivial or substantial, inadvertent or willful, and the effect, if any, it had upon Moore’s ability to prepare for trial, the trial court abused its discretion by permitting the witness to testify. We must therefore reverse the judgment and sentence below and remand for a new trial. Richardson, 246 So.2d at 777; Miller v. State, 403 So.2d 619 (Fla. 5th DCA 1981); McDonnough v. State, 402 So.2d 1233 (Fla. 5th DCA 1981).
REVERSED and REMANDED.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.