DAUKSCH, Judge.
This is an appeal from a judgment and sentence for grand theft. The issue in this case is whether the trial court erred in allowing a rebuttal witness to testify, after ruling the same witness’ testimony inadmissible in the state’s case-in-chief because of a discovery violation. We hold that it did and reverse.
Contrary to Rule 3.220, Florida Rules of Criminal Procedure, the state failed to provide on its witness list the name of a witness who was called to testify in the state’s case-in-chief and as a rebuttal witness. When the witness was called during the state’s case-in-chief, the appellant timely objected and the trial court instructed the prosecutor to proceed with a “Richardson -style hearing.”[1] The prosecutor claimed that the failure to provide the witness’ name was a clerical error and that no prejudice would occur in allowing the witness’ testimony since the appellant’s counsel had been told what the witness would testify to during the lunch break. Pursuant to the court’s request, the prosecutor also summarized the witness’ expected testimony. Without making any other findings, the court ruled: “I will not allow him to testify, the state should have caught the error before the day of the trial.”
The appellant testified as the sole witness for his defense. When the appellant’s counsel rested, the prosecutor again called the witness on rebuttal. The appellant’s counsel objected, informing the court that Rule 3.220, Florida Rules of Criminal Procedure is applicable to a rebuttal witness as well as a witness for the case-in-chief. However, without making any further inquiries into the matter, the court allowed the witness to testify in accordance with the prosecutor’s earlier summary of his expected testimony.
No rebuttal exception exists within the rule requiring disclosure of names of prospective witnesses upon demand for discovery. Kilpatrick v. State, 376 So.2d 386 *268 (Fla.1979). However, a violation of Rule 3.220, Florida Rules of Civil Procedure, does not necessarily require reversal of a conviction unless the record discloses that noncompliance with the rule resulted in prejudice to the defendant. The trial court has discretion to determine whether the noncompliance would result in harm or prejudice to the defendant, but the court’s discretion can be exercised only after the court has made an adequate inquiry into all of the surrounding circumstances establishing prejudice or non-prejudice to the defendant, and if the court determines that the state’s non-compliance has not prejudiced the ability of the defendant to properly prepare for trial, it is essential that the circumstances establishing non-prejudice to the defendant affirmatively appear in the record. Richardson v. State, 246 So.2d 771 (Fla.1971); Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970).
The record is totally devoid of any finding by the trial judge that the state’s non-compliance with the rule had not prejudiced the ability of the appellant to properly prepare for trial and the trial court gave no reason for the allowance of the witness’ testimony as a rebuttal witness. Under similar facts, the court in Carnivale v. State, 271 So.2d 793 (Fla. 3d DCA 1973) reversed and remanded the appellant’s judgment of conviction and sentence.
This court has already stated that an adequate Richardson inquiry “should at least cover the questions as to whether the violation was inadvertent or willful, whether the violation is trivial or substantial, and what effect, if any, the violation had upon the ability of the other party to prepare for trial.” McDonnough v. State, 402 So.2d 1233, 1234-1235 (Fla. 5th DCA 1981). In McDonnough v. State, supra, defense counsel objected to a witness testifying because his name had not been listed on the state’s witness list. The prosecutor argued that since he had given a copy of the witness’ statement to the defense earlier in the trial, the defense was not surprised and, therefore, not prejudiced by the state’s failure to comply with the criminal rules of procedure. Based upon this short argument, and without the making of any findings, the trial court allowed the witness to testify. Id. at 1234. This court held that the inquiry into the state’s failure to provide the witness’ name on a witness list was insufficient to meet the requirements of Richardson and, in view of case law precedent, this court was compelled to reverse the judgment and remand the case for a new trial. Id. at 1235. Similarly, the Fourth District Court of Appeal reversed and remanded for a new trial in Boynton v. State, 378 So.2d 1309, 1310 (Fla. 4th DCA 1980). The court found:
The inquiry as to the failure to furnish the name of witness ... was inadequate in extent as it dealt with the late notification of the witness’ name and the substance of his testimony. No inquiry was made into the effect of the breach on the preparation of the defendant’s case. No finding was made that the preparation of the appellant’s defense was not prejudiced.
The court also held that if the lower court had determined that non-compliance with Rule 3.220 did not prejudice the defendant’s ability to properly prepare for trial, the circumstances establishing non-prejudice should have affirmatively appeared in the record. Id.
In the instant ease, although the trial court did inquire as to whether the state’s omission was inadvertent or willful, there is nothing in the record to reflect whether the court thought the violation was trivial or substantial or what effect it might have had upon the ability of the appellant to properly prepare for trial. Furthermore, circumstances establishing non-prejudice to the appellant do not affirmatively appear in the record. It is not a function of the appellate court to determine whether prejudice has resulted to an accused due to the state’s failure to list a person as a witness, rather it is incumbent upon the trial judge to determine if any prejudice has resulted from such failure. Carnivale v. State, 271 So.2d 793, 796 (Fla.3d DCA 1973). As stated by the Florida Supreme Court in Cumbie v. State, 345 So.2d 1061, 1062 (Fla.1977):
*269 It is clear that the trial court’s investigation of the question of prejudice was not the full inquiry Richardson requires. No appellate court can be certain that errors of this type are harmless. A review of the cold record is not an adequate substitute for a trial judge’s determined inquiry into all aspects of the state’s breach of the rules, as Richardson indicates.
The doctrine of harmless error cannot be applied in this case; nor can a post-trial Richardson hearing be ordered. McDonnough v. State, 402 So.2d 1233 (Fla. 5th DCA 1981). Because the trial judge failed to make the full inquiry and findings required by Richardson, we reverse and remand for a new trial.
REVERSED AND REMANDED.
FRANK D. UPCHURCH, J., and SHARP, JJ., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).