471 So.2d 1345 (1985)
Margarito ALFARO a/K/a Rubin Martinez, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2397.
District Court of Appeal of Florida, Fourth District.
June 26, 1985.
Rehearing Denied July 24, 1985.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Penny H. Brill, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Chief Judge.
This is an appeal from multiple convictions of manslaughter by drunken driving. We reverse because of the state's last minute *1346 decision to use the county medical examiner as an accident reconstruction expert without informing the defense, and the trial court's subsequent error in admitting this evidence without conducting a mandatory hearing on the state's breach of the discovery rules. We reverse and remand on the authority of Neimeyer v. State, 378 So.2d 818 (Fla. 2d DCA 1979), which decision we hereby approve and endorse.
Rule 3.220 of the Florida Rules of Criminal Procedure requires the state to furnish the defense with the reports or statements of experts on a continuing basis. Richardson v. State, 246 So.2d 771 (Fla. 1971), strictly requires the trial court to conduct a mini-hearing at trial if a discovery violation is alleged and to determine what sanction, if any, including possible exclusion of the evidence or mistrial, may be appropriate. Neimeyer held that it was error for a trial court to refuse to conduct a Richardson inquiry at trial when the state attempted to use the expert testimony of an assistant medical examiner at trial to prove matters other than those previously disclosed to the defense through the examiner's report and deposition.
The critical issue at trial was whether the appellant or his deceased companion was driving the vehicle. The defense had the medical examiner's report and deposition which indicated the results of several autopsies and blood alcohol tests, but did not reflect any effort by the examiner to evaluate the case as an accident reconstruction expert. Shortly before trial, the state, without notifying the defense, had the examiner do an accident reconstruction evaluation which pinpointed the appellant as the driver of the vehicle responsible for the horrible accident which resulted in three deaths. The medical examiner was allowed to give his expert opinion on this issue even though there had been no disclosure to the defense of this evidence before trial. This appears to be a clear violation of the criminal discovery rules and yet no inquiry was conducted as to the violation. The state was not called upon to explain its failure to disclose the expert's new opinion evidence or to otherwise carry its Richardson-mandated burden of demonstrating no prejudice to the defense. This was done over the objection of the defense and in the face of a specific request for a Richardson hearing.
This scenario offers the perfect example of why the Florida Supreme Court adopted the rule of Richardson: The defense is suddenly faced with critical evidence to which it has little or no opportunity to respond. This is contrary to the entire scheme of Florida's criminal discovery rules which seek to enforce the defendant's due process right to know in advance the nature of the charges and the evidence against him.
The Florida Supreme Court has held, of course, that the district courts have no discretion and must order new trials under such circumstances without regard to the harmless error rule. Cumbie v. State, 345 So.2d 1061 (Fla. 1977). Because of the critical nature of the evidence in question, we could hardly apply the harmless error rule to the facts of this case, even if we were authorized to do so.
Accordingly, we reverse and remand for a new trial.
HURLEY and WALDEN, JJ., concur.