NESBITT, Judge.
Gant appeals his convictions and sentences on charges of trafficking in cocaine and possession of cocaine. We reverse.
A confidential informant arranged a drug purchase at Mr. Gant’s home. The informant arrived at Gant’s home accompanied by an undercover police officer who was equipped with a sound transmitter. Gant and three other men were at the house when the transaction took place. All four were arrested after one of the other men retrieved a kilo of cocaine from a vehicle parked outside.
In response to Gant’s discovery demand, the state indicated the existence of a tape recording of the transaction. A codefend-ant’s counsel went to the state attorney’s office to hear the tape and make a copy. When the prosecutor and defense attorney attempted to play the tape, it was unintelligible. Both agreed that the tape could not be used at trial.
As it turned out, the tape had been played at the wrong speed and was, in fact, intelligible. The prosecutor did not make this discovery until right before opening arguments were to begin. He then informed the court and defense counsel that he intended to use the tape. A codefend-ant’s attorney objected and requested a Richardson hearing,[1] which was denied. Gant’s counsel unsuccessfully made the same objection and request when the tape was later admitted into evidence. We agree with Gant’s contention that the failure to conduct a Richardson hearing was reversible error.
Under Florida Rule of Criminal Procedure 3.220(a)(1), the prosecutor was obligated to disclose the existence of the tape recording at issue and make it available to the defendant upon request. The prosecutor attempted to comply with that request, but, by inadvertently playing the tape at the wrong speed, failed to do so, and, based upon the mistaken conclusion that the tape was unintelligible, agreed that it would not be used at trial. We reject the state’s contention that no violation occurred. The state, by agreeing that the tape was unintelligible and unusable, created a situation which was the practical equivalent of having never disclosed the existence of the *19 tape. Consequently, the last-minute revelation that the tape was intelligible and usable was as surprising and potentially prejudicial as if it were the first disclosure of the tape’s existence. When it was discovered on the day of trial that the statement did exist (was intelligible), it is clear that a discovery violation, though unintentional, had occurred. Cf. Kilpatrick v. State, 376 So.2d 386 (Fla.1979) (failure to conduct Richardson inquiry reversible error where state disclosed intent to use co-defendant as witness on rebuttal after failing to list him as a witness and advising defense counsel that he would not be called).
Upon discovery of the violation, it was the trial court’s duty to conduct an inquiry to determine whether the violation prejudiced the defendant. Richardson v. State, 246 So.2d 771 (Fla.1971). The state argues in the alternative that the inquiry conducted by the trial judge was sufficient to satisfy Richardson. We disagree. In Richardson, the supreme court held that trial courts should inquire at least into whether the violation: (a) was inadvertent or willful; (b) was trivial or substantial; and (c) prejudiced the defendant in his ability to prepare for trial. In this case, the only thing established before the Richardson request was denied was the inadvertent nature of the violation. Without further inquiry, it was impossible for the trial court to ferret out the procedural prejudice which a Richardson hearing is meant to discover[2] and fashion an appropriate sanction or remedy. See Wilcox v. State, 367 So.2d 1020 (Fla.1979); Alfaro v. State, 471 So.2d 1345 (Fla. 4th DCA 1985).[3] Consequently, we are compelled to reverse for a new trial.
Reversed and remanded.

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. Gant defended on the theory that he was an innocent bystander not involved in the drug transaction. Since the tape recorded his voice making statements which arguably contradicted such a theory, its late disclosure clearly prejudiced the preparation of his case.

. It is the lack of inquiry which distinguishes this case from cases like Floyd v. State, 361 So.2d 802 (Fla. 3d DCA 1978) and King v. State, 355 So.2d 831 (Fla. 3d DCA), cert. denied, 364 So.2d 887 (Fla.1978), in which an inquiry was made and a reasonable remedy provided.