513 So.2d 684 (1987)
Preston WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-1644.
District Court of Appeal of Florida, Third District.
September 1, 1987.
Rehearing Denied October 21, 1987.
*685 Sharpstein & Sharpstein and Janice Burton Sharpstein, Coconut Grove, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and JORGENSON, JJ.

ON MOTION FOR REHEARING
NESBITT, Judge.
Upon the state's motion for rehearing, we withdraw and vacate our previous panel opinion, but again reverse the convictions under review.
Williams contends that the trial court erred in failing to dismiss this case or grant a new trial based upon a discovery violation committed by the state. Because the trial court failed to make a proper inquiry into the nature and effect of the discovery violation, we are constrained to reverse William's convictions for burglary and trafficking in cocaine, and remand for a new trial.
The state relied primarily upon the testimony of an informant to convict Williams. Williams attempted to impeach the credibility of the informant by establishing that the informant was motivated to testify by the state's promise of a lighter sentence for crimes the informant had committed. The state denied that any such bargain had been struck with the informant, and contended that the informant had no obvious reason to lie.
During the trial, information was revealed which tended to confirm Williams' assertion that the informant was motivated to testify by a plea bargain. The nature of the information also suggested that the state had been aware of this but had failed to disclose the fact despite its obligations under the rules of discovery.
Williams made a motion before the trial court, based upon Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for this violation to be cured. Once this violation was brought to the attention of the trial court it was incumbent upon the court to conduct an inquiry into the surrounding circumstances of the violation, including "whether the state's violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, ... it [had] upon the ability of the defendant to properly prepare for trial." Richardson v. State, 246 So.2d 771, 775 (Fla. 1971) (quoting Ramirez v. State, 241 So.2d 744, 747 (Fla. 4th DCA 1970)); McDonnough v. State, 402 So.2d 1233 (Fla. 5th DCA 1981); see also Gant v. State, 477 So.2d 17 (Fla. 3d DCA 1985). Although the trial judge noted that this was one of the most flagrant Brady violations he had ever seen, the trial judge refused to grant the defendant's motion for dismissal and failed to conduct a proper Richardson hearing. While we recognize the trial court's discretionary authority to determine the prejudice resulting from a discovery violation, such authority may "be properly exercised only after the court has made an adequate inquiry." Richardson, *686 246 So.2d at 775 (quoting Ramirez, 241 So.2d at 747).
The state suggests that we remand this case to the trial court for a determination of whether the discovery violation had a prejudicial effect upon Williams. Such a post-trial Richardson hearing was expressly rejected by our supreme court in Smith v. State, 372 So.2d 86 (Fla. 1979), as an unsatisfactory substitute for a proper hearing during trial. Accord Poe v. State, 431 So.2d 266 (Fla. 5th DCA 1983); Miller v. State, 373 So.2d 377 (Fla. 2d DCA 1979).
The trial court's failure to conduct a proper inquiry pursuant to Richardson is not subject to the harmless error rule and requires that we reverse Williams's convictions without further review of the record. Smith v. State, 500 So.2d 125 (Fla. 1986); Cumbie v. State, 345 So.2d 1061 (Fla. 1977); R.R. v. State, 476 So.2d 218 (Fla. 3d DCA 1985), approved, 502 So.2d 1244 (Fla. 1987); Alfaro v. State, 471 So.2d 1345 (Fla. 4th DCA 1985), review denied, 484 So.2d 9 (Fla. 1986). Consequently, we need not reach any of the other points raised in this appeal. Accordingly, the judgments under review are
Reversed and this case is remanded for a new trial. In all other respects, the state's motion for rehearing is denied.