PER CURIAM.
The defendant, William Davis, appeals his conviction and sentence for second degree murder with a firearm. We reverse and remand for a new trial.
During the course of the defendant’s cross-examination, the state attempted to impeach the defendant with a conviction *607 record that had not previously been produced in discovery, nor shown to defense counsel prior to its use in court. Defense counsel argued, outside of the presence of the jury, that the state had committed a discovery violation in not previously revealing the existence of this purported record of the defendant’s prior felony conviction. The trial court did not conduct any inquiry as to the state’s alleged noncompliance with its discovery obligations under Rule 3.220, Florida Rules of Criminal Procedure.
We find that the trial court erred in failing to conduct an inquiry pursuant to Richardson v. State, 246 So.2d 771 (Fla. 1971), upon learning that the state had committed a discovery violation. While the trial court has discretion in determining whether the state’s failure to comply with the discovery rule results in harm or prejudice to the defendant, that “discretion could be exercised only after the court made an adequate inquiry into all of the surrounding circumstances.” State v. Hall, 509 So.2d 1093, 1096 (Fla.1987); see also, Richardson, 246 So.2d at 775; Williams v. State, 513 So.2d 684 (Fla.3d DCA 1987), review denied, 523 So.2d 578 (Fla.1988). Accordingly, we reverse the defendant’s conviction and remand for a new trial.
Finding our decision on this issue to be dispositive of our resolution of the case, we decline to address the other issues raised on appeal.
Reversed and remanded with directions.