PER CURIAM.
The defendant, Phillip Sturdy Harrison, appeals from a final judgment of conviction and sentence for the murder of Gentry Tharp. We vacate, in part, and reverse and remand the remainder for a new trial.
During trial, several neighbors testified and presented conflicting identification testimony. One of them, Wesley Williams, was with Gentry Tharp at the time of the fatal shooting. Officer Michael Osborne, the lead investigator, testified that he had to interview Wesley Williams several times to sort through the inconsistencies in his story. During one meeting, Williams was not able to make a positive identification of the defendant in a photo line-up. During a subsequent interview, Williams identified the defendant in the photo line-up. However, at trial, Williams stated that he was not a hundred per cent certain that the defendant was the person who shot Tharp.
On cross-examination, Osborne testified that he contacted Williams the second time because the police department received an anonymous phone call that Williams had been seen the morning of the shooting in the area of the incident. Defense counsel objected, but the trial court overruled the objection. On redirect examination, Osborne once again testified as to the phone calls. Once again the defense counsel’s objection was overruled. Thereafter, Osborne testified that he later learned that the anonymous caller was Mary Carlton and that he had met with her face-to-face. Thereafter, defense counsel moved for a mistrial based on the ground that the state elicited hearsay evidence. The motion was denied.
The next day, the prosecutor revealed a possible discovery violation because the person who placed Williams at the scene earlier that day was not an “anonymous caller.” Defense counsel argued that he had been highly prejudiced by not being able to question the witness before trial. Defense counsel requested a Richardson[1] hearing. The trial court ruled that a Richardson hearing was not necessary since he felt that an informal one had already been held. While the jury was deliberating, defense counsel brought up the discovery violation again. The trial court found that the violation was not willful, but that it was not trivial. The trial court reserved ruling indicating that if the jury found the defendant guilty, he would consider the issue on a motion for new trial.
The jury found the defendant guilty of second degree murder with a firearm, robbery with a firearm, shooting into an occupied vehicle, and unlawful possession of a firearm while engaged in a criminal offense. Harrison was adjudicated guilty of all four offenses. The defendant filed a motion for new trial based on the discovery violation. The prosecution argued that the information which Mary Carlton knew was inadmissible hearsay, and therefore would not have affected the trial. The defense argued that they were prejudiced by not being able to question the witness and by not being able to follow up on any information she gave. The trial court denied the motion. The defendant appeals.
First, as the state properly concedes, the trial court erred in convicting and sentencing the defendant for unlawful possession of a firearm while engaged in a criminal offense where that charge arose out of the same acts which were the basis of the firearm enhanced and robbery convictions. See Hall v. State, 517 So.2d 678 *602 (Fla.1988); Carawan v. State, 515 So.2d 161 (Fla.1987). The conviction and sentence for unlawful possession of a firearm while engaged in a criminal offense must and is hereby vacated.
Next, we must determine whether the trial court conducted an adequate Richardson inquiry after discovering that the state had failed to disclose the name of a person having information which might be relevant to the offense. When the violation was first brought to the trial court’s attention, the court conducted a limited inquiry into the circumstances surrounding the violation. The court found that the violation was not willful or trivial. However, the court failed to conduct the full inquiry Richardson requires. The trial court did not make sure “ ‘that the circumstances establishing non-prejudice to the defendant affirmatively appear in the record.’ ” Richardson, 246 So.2d. at 775 (citing Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970)). We find that the trial court erred in admitting into evidence Officer Osborne’s testimony concerning the alleged statements made by Carlton without conducting an inquiry into the question of prejudice. Additionally, the trial court's failure to conduct a proper Richardson inquiry is per se reversible error and is not subject to the harmless error analysis. Smith v. State, 500 So.2d 125 (Fla.1986); Cumbie v. State, 345 So.2d 1061 (Fla.1977); Williams v. State, 513 So.2d 684 (Fla. 3d DCA 1987), review denied, 523 So.2d 578 (Fla.1988). Therefore, we reverse and remand for a new trial.
Based on our disposition of this case, we need not reach any of the other points raised on this appeal. Accordingly, we vacate the defendant’s conviction and sentence for unlawful possession of a firearm, and reverse and remand the remaining counts for a new trial.
Vacated, in part, and reversed and remanded for a new trial.

. Richardson v. State, 246 So.2d 771 (Fla.1971), requires a trial court to inquire into the nature of a claimed discovery violation and to determine whether it prejudiced the defendant’s preparation of his case.