514 So.2d 432 (1987)
Spencer JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2776.
District Court of Appeal of Florida, Fourth District.
November 4, 1987.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Lee Rosenthal, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
A jury found appellant guilty of second degree murder and attempted false imprisonment. He seeks a new trial and contends that the trial court erred when it *433 failed to conduct a hearing in accordance with Richardson v. State, 246 So.2d 771 (Fla. 1971). We agree and reverse.
The state charged appellant with the murder of Anthony Tyson following a shooting incident at a "base house." Victor Hendley witnessed the shooting. Appellant invoked the discovery provisions of Rule 3.220, Florida Rules of Criminal Procedure. The state filed a response and identified Hendley as one of its witnesses and apparently furnished appellant with a sworn statement given by Hendley shortly after the shooting. In the statement, Hendley related that the victim said, "Man, you done shot me." During opening statement, the prosecutor told the jury that Hendley would testify that the victim said, "... Red, not [sic] me." Appellant moved for a mistrial claiming a discovery violation:
Your Honor, I am going to move for a mistrial. That has never been disclosed to me in discovery any statement of that nature, no dying declaration, nothing in discovery, nothing in deposition. No one has ever said that there is  nothing that has ever been presented to me there was a dying declaration by Anthony Tyson which she is saying. Nothing in discovery.
Appellant had deposed Hendley approximately three weeks before trial. The state attorney attended the deposition. The colloquy between the court and counsel does not clearly establish when the state first became aware of the change in Hendley's testimony except the state knew of the change in the witness's testimony for at least a week before trial. The trial court denied the motion for mistrial.
THE COURT: Did you take 
MR. NATALIE (defense counsel): I took his deposition. He never said anything.
MS. BALDWIN (state attorney): Maybe you did not ask him. But he did say that.
MR. NATALIE: Do you have written statements from him or something?
MS. BALDWIN: No. He just told me that.
MR. NATALIE: When did he just tell you that?
MS. BALDWIN: When I spoke to him the day before you spoke to him, I guess.
MR. NATALIE: When? You have spoken to him three times.
MS. BALDWIN: Last week or something.
MR. NATALIE: I took his deposition three weeks ago. There was 
MS. BALDWIN: Whenever it was, I spoke to him and 
MR. NATALIE: Last Friday. Last Friday.
Judge, this has never been 
MS. BALDWIN: Before your deposition.
MR. NATALIE:  a dying declaration.
THE COURT: Well, does it have to be disclosed?
MR. NATALIE: Yes.
MS. BALDWIN: No.
MR. NATALIE: We have discovery.
THE COURT: I don't know. I don't mean if you don't ask the question 
MR. NATALIE: Yes, they were asked: Did he say anything? He said no. He didn't say nothing.
MS. BALDWIN: He told me yes. I didn't know what he told 
THE COURT: Well, I don't, you know, I don't know what stopped him from changing his story. You have the deposition to show it.
I deny your motion.
This appeal raises the question of whether the state has a continuing duty under Rule 3.220(f) to notify the defendant when a witness informs the state of his intention to materially alter information contained in a sworn statement furnished by the state to the defendant. Rule 3.220 provides:
(a) Prosecutor's Obligation.
(1) After the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect, copy, test and photograph, the following information and material within the State's possession or control: ....

*434 (ii) The statement of any person whose name is furnished in compliance with the preceding paragraph. The term "statement" as used herein means a written statement made by said person and signed or otherwise adopted or approved by him, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement made by said person to an officer or agent of the State and recorded contemporaneously with the making of such oral statement... .
The state, in response to appellant's demand pursuant to Rule 3.220(a)(1)(ii), furnished appellant with Hendley's sworn statement. Appellant deposed Hendley but did not discover that Hendley would testify that the victim identified appellant as the assailant. During the colloquy before the court, the prosecutor admitted that Hendley had told her "last week or something" about the dying declaration identifying "Red." It is clear that the state attorney knew prior to trial, and perhaps prior to Hendley's deposition, that his account of the dying declaration would be substantially different from that given in the sworn statement that it had furnished to appellant.
Rule 3.220(f) states:
Continuing Duty to Disclose. If, subsequent to compliance with the rules, a party discovers additional witnesses or material which he would have been under a duty to disclose or produce at the time of such previous compliance, he shall promptly disclose or produce such witnesses or material in the same manner as required under these rules for initial discovery.
In Neimeyer v. State, 378 So.2d 818 (Fla. 2d DCA 1980), the state responded to a discovery request with an autopsy report prepared by an assistant medical examiner. The assistant medical examiner testified in her pretrial deposition that there was nothing in her findings inconsistent with the theory that the victim was moving towards appellant when appellant fired the shotgun blast. At the beginning of trial defense counsel told the court that the assistant state attorney called him the night before and told him that the medical examiner would testify that one of the bullets, fired before the shotgun blast, had severed the victim's spinal cord and paralyzed him from the waist down. This evidence effectively eliminated the defendant's defense that the had to fire the shotgun for his own protection. At the hearing on the defendant's motion for a new trial the assistant state attorney revealed that some six or seven days before trial the assistant medical examiner's superior told him that there might have been some damage to the spinal cord that was not reflected in the autopsy report. The district court concluded that the trial court failed to conduct a Richardson hearing and remanded the case for a new trial based upon the state's failure to comply with Rule 3.220(f):
In the instant case the assistant state attorney admitted that he was alerted six or seven days before trial to the possibility that Dr. Newab might testify to information bearing critically on appellant's defense which was not included in her autopsy report, and which was at least arguably inconsistent with statements she made during her deposition; yet the defense was not warned of this possibility, even though the trial date was rapidly approaching. Under these circumstances we hold that the state's failure to inform the defense of the new information until the eve of trial was a violation of the discovery obligations imposed on the state by Florida Rules of Criminal Procedure 3.220(f).
Id. at 821.
In Alfaro v. State, 471 So.2d 1345 (Fla. 4th DCA 1985) this court approved and endorsed the decision in Neimeyer v. State.
In Whitfield v. State, 479 So.2d 208 (Fla. 4th DCA 1985) we concluded that no discovery violation occurred as a result of the state's failure to inform the defendant that at a suppression hearing a witness had misidentified the appellant with a codefendant. In Whitfield, the court observed:

*435 We do not see how this information fits into any of the eleven categories found at rule 3.220(a)(2). It does not fit under rule 3.220(a)(2), because it does not tend to negate Whitfield's guilt... . Had the prosecutor come into such information as DeNoms' realization of his mistake at an earlier time, the prosecutor would not have been required to disclose it to Whitfield; rule 3.220(f) does not, therefore, require him to disclose it when he came into the information just before trial.
... .
Neither side is required to alert the opposing party to the content of a witness' testimony, except to the extent a written or recorded, oral statement of the witness or an expert witness' report may foreshadow what he will say on the stand. Whitfield knew DeNoms was a witness the state intended to call; DeNoms had been available for deposition but had not been deposed. What DeNoms said to the prosecutor following the suppression hearing was not a written or recorded statement of DeNoms. We do not believe there was any discovery violation; hence there was no need for a Richardson hearing.
Id. at 215-16.
Whitfield did not involve a change in information furnished pursuant to Rule 3.220. However in this case, the state made discovery pursuant to the defendant's request and furnished the defendant with Hendley's sworn statement pursuant to Rule 3.220(a)(1)(ii). We think the court in Neimeyer correctly concluded that once discovery has been made to a defendant that the state has a continuing duty under Rule 3.220(f) to notify the defendant of a substantial and material change in the report or as in this case in a witness statement containing an important factual scenario. Therefore we hold that a material discovery violation occurred when the state did not inform appellant that the witness Hendley would testify that the decedent identified appellant as the person who had shot the decedent. The record demonstrates that the trial court failed to conduct an adequate hearing pursuant to Richardson v. State, supra, therefore we must reverse and remand this case for a new trial. Since we believe the question presented here is one of great public importance we certify the following question to the Supreme Court:
DOES THE STATE, AFTER HAVING FURNISHED A STATEMENT TO A DEFENDANT PURSUANT TO RULE 3.220(a)(1)(ii), HAVE A CONTINUING DUTY UNDER RULE 3.220(f) TO INFORM THE DEFENDANT IF THE WITNESS NOTIFIES THE STATE OF HIS INTENTION TO MATERIALLY ALTER THE INFORMATION CONTAINED IN THE STATEMENT?
We will only briefly comment on a second point raised by appellant. Appellant relies on Kaminski v. State, 63 So.2d 339 (Fla. 1952) to argue that the trial court should have granted a mistrial when a state witness testified during appellant's cross-examination that other state witnesses had taken a lie detector test. In Kaminski, the court concluded that the trial court erred when it allowed the state to ask one of its witnesses if he had taken a lie detector test.
When the trial judge allowed the evidence to be admitted, and sanctioned the submission by the statement he made, we are of the view that he committed as egregious an error as if he had admitted the results of the test to have been received in evidence over objection. For there can be no doubt that in initiating the inquiry the prosecutor intended to leave in the minds of the jurors the impression that because the witness Newbold had voluntarily submitted to a lie detector test prior to the time of trial he was a man of veracity and hence was telling the truth from the witness stand, no matter how inconsistent his tale might appear to be to the jurors when compared with the testimony offered by other State witnesses.
Id. at 340-41.
Here, during appellant's cross-examination, the state's witness volunteered testimony that other state witnesses had submitted to a lie detector test. The state did not elicit *436 the testimony from the witness. No one disclosed the results of the polygraph test and we do not believe that the record would support an inference that the state attempted to bolster the witnesses' credibility as the state did in Kaminski:
The successful attempt by the prosecution by the means employed to implant in the minds of the jury the impression that because the witness had voluntarily submitted to a lie detector test prior to trial he must perforce be testifying truthfully in the course of the trial, resulted, in effect, in the substitution of a mechanical device, without fair opportunity for cross-examination, for the time-tested, time-tried, and time-honored discretion of the judgment of a jury as to matters of credibility.
Id. at 341.
The circumstances under which the testimony concerning the polygraph occurred in this case does not create an inference one way or the other as to the credibility of the witnesses and as such we find no error in the trial court's denial of appellant's motion for a mistrial.
We reverse and remand this case for a new trial because the trial court failed to conduct a Richardson hearing when the state failed to disclose a material change in a witness statement furnished pursuant to Rule 3.220(a)(1)(ii).
REVERSED and REMANDED.
DOWNEY and ANSTEAD, JJ., concur.