721 So.2d 1208 (1998)
Bernard EVANS, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2080.
District Court of Appeal of Florida, Third District.
December 9, 1998.
*1209 John H. Lipinski, Miami, for Appellant.
Robert A. Butterworth, Attorney General, and Lara J. Edelstein, Assistant Attorney General, for Appellee.
Before JORGENSON, LEVY and GERSTEN, JJ.
PER CURIAM.
Defendant appeals his judgment of conviction and sentence for second degree murder. We reverse.
Defendant was charged with second degree murder and unlawful possession of a firearm while engaged in a criminal offense.[1] Sylvia Kennedy Green ("Green") was identified by the State as a witness to the incident. Consistent with a statement she gave detectives at the scene of the crime, Green testified in her 1996 deposition that she did not see the defendant shoot the victim and that she did not know anything about the case. At trial, however, Green testified that the night before the victim was shot, defendant commented that he wanted to kill someone. She further testified that she witnessed the defendant shooting at the victim. Defense counsel objected to her testimony. The court sustained the objection and a sidebar conference was held. At sidebar, defense counsel argued that Green changed her testimony since the deposition and the changed testimony had not been disclosed to the defense.
The court permitted the State to continue questioning Green regarding her statements to police. Green testified that when the detectives first took her statement she told them she did not see anything because she was afraid. She explained that she went to the police approximately one year after the deposition and told them that she saw the defendant shoot the victim. Defense counsel again moved for a mistrial on the ground that Green's changed testimony had not been disclosed to the defense and the court denied the motion. At the end of the State's case, defense counsel again renewed his motion for mistrial based on Green's testimony. The mistrial was denied.
At the close of the defendant's case, defense counsel again moved for a mistrial based on Green's testimony. At this point, a Richardson hearing was held. The court found no discovery violation and denied the motion for mistrial. Defendant was found guilty of second degree murder with a firearm and sentenced to fifteen years with a three year minimum mandatory term for the use of a firearm.
It has long been the law in this State that upon learning of a potential discovery violation the trial court has an obligation to conduct a Richardson hearing. Richardson v. State, 246 So.2d 771 (Fla. 1971); Jones v. State, 514 So.2d 432 (Fla. 4th DCA 1987). Moreover, the trial court's obligation is affirmative and a hearing must be conducted even where the defendant does not specifically request a hearing or mention Richardson. Brown v. State, 640 So.2d 106 (Fla. 4th DCA 1994).
*1210 In the instant case, the trial court failed in this regard. First, it failed to conduct the hearing upon being advised that Green changed her testimony. Then, when the hearing was conducted, it was inadequate. Richardson requires that upon learning of a discovery violation the trial court question 1) whether the violation was inadvertent or wilful; 2) whether the violation was trivial or substantial; and 3) what effect the violation had on the defendant's ability to properly prepare for trial.
Under Florida's criminal discovery rule, the duty to disclose is continuous. Fla. R.Crim.P. 3.220(j); Reese v. State, 694 So.2d 678 (Fla.1997); Jones v. State, 514 So.2d 432 (Fla. 4th DCA 1987). It is clear that the State was aware that Green had changed her testimony prior to trial, as evidenced by the line of questioning during this aspect of Green's direct examination. We hold that, in failing to disclose the change in testimony to the defense, the State failed to meet its obligations under Rule 3.220(j). Moreover, we find that the violation here was substantial and undeniably had a negative effect on defense counsel's ability to properly prepare for trial. At the time defense counsel was preparing for trial and assessing the evidence against his client, there were no eyewitnesses. Green's changed testimony immediately changed the type of case defense counsel was dealing with. With an eyewitness to the crime, defense counsel's strategy would surely be different. Thus, we hold that the trial court's failure to conduct a timely and adequate Richardson hearing requires reversal.
Accordingly, we reverse and remand this case for a new trial.
NOTES
[1] The Count for unlawful possession of a firearm while engaged in a criminal act was dismissed at the charge conference.